Generally, on the questions involved, see *Natl. Safe Deposit, S. & T. Co.* v. *Hibbs*, 229 U. S., 391, 33 S. Ct., 818, 57 L. Ed., 1241, and *Jenkins* v. *Continental Trust Co.* (Md.), 133 A., 610.

Finding no prejudicial error, the judgment will be affirmed.

*Judgment affirmed.*

PARDEE, P. J., and FUNK, J., concur.

---

## IN RE ESTATE OF JONES.

*Inheritance tax—Actual market value of shares of stock—Determined as of date of decedent's death—Book value not controlling—Facts to be considered in determining close corporation stock valuation.*

1. Under Sections 5336, 5341, 5345, and 5346, General Code, actual market value of shares of stock of deceased owner, for purpose of taxation, must be determined as of date of death of decedent.

2. Book value of stock cannot be considered as its "actual market value," in determining valuation for purpose of inheritance taxation, under Sections 5336 and 5341, General Code.

3. In determining valuation for inheritance tax of stock in close corporation, value and sale of similar stock, activities of corporation, earnings, financial condition, and future prospects at time of death of deceased owner, as compared to other times, may be considered.

(Decided May 25, 1925.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Herrick, Hopkins, Stockwell & Benesch,* for plaintiff in error.

*Mr. Edward C. Stanton,* prosecuting attorney, opposed.

HOUCK, P. J. We were rendered much assistance in this case by able counsel, who not only presented their views in oral argument, but in well prepared written briefs. The facts, briefly stated, are these:

On December 14, 1921, Arthur Jones died intestate, leaving a widow and two children surviving him; subsequently thereto, Thomas Jones, a brother of the deceased, was appointed administrator of his estate; thereafter the administrator filed his petition in the probate court of Cuyahoga county, asking the court for a determination of the inheritance taxes due the state of Ohio from this estate; in compliance with Section 5341, General Code, the probate court directed the county auditor of Cuyahoga county to hold a hearing in appraisal and to fix the actual market value of the estate; at the hearing, the auditor appraised the assets of the estate, amongst which were 1,200 shares of the capital stock of the W. M. Pattison Supply Company, which he assessed at $463,500, or $386.25 per share; and the auditor then filed his report of appraisal in the probate court.

Thereupon, in compliance with Section 5345 of the General Code, the probate court determined the amount of taxes due; and as a matter of right, by favor of the provisions of Section 5346, General Code, exceptions were filed to the valuation of said

stock, on behalf of the administrator and the heirs, whereupon, after hearing duly had, the probate court fixed the value of said shares at $224.89 per share.

From the decision of the probate court, an appeal was taken by the state tax commission to the common pleas court; at the trial whereof, the common pleas court did not follow the finding of the probate judge, but adopted the valuation of the county auditor. Error is prosecuted to this court to reverse the judgment of the common pleas court. Question: Under the facts and law, which finding, if either, is correct? That of the probate court, or that of the common pleas?

We have read with care all of the testimony offered in the trial in the lower court as contained in the bill of exceptions.

This court must determine the actual market value, under the evidence, of the 1,200 shares of stock owned by the decedent, Arthur Jones, in the W. M. Pattison Supply Company, as of the date of the death of the said Jones.

Section 5341, General Code, provides, in part: "The county auditor shall be the inheritance tax appraiser for his county. The probate court, upon its own motion may, or upon the application of any interested person, including the tax commission of Ohio, shall by order direct the county auditor to fix the actual market value of any property the succession to which is subject to the tax levied by this subdivision of this chapter * * *. He shall at such time and place appraise the same at its actual market value as of the date of the accrual of the tax."

In Section 5336 there is the following provision: "Taxes levied under this subdivision of this chap-

ter shall be due and payable at the time of the succession, except as herein otherwise provided, but in no case prior to the death of the decedent.''

It is conceded that the W. M. Pattison Company was a close corporation, and that during all the period of the ownership by Jones of this stock none of the stock of said company had been sold. It follows that the real foundation upon which to base the value of the stock in question is absent.

This court is free to say that, under the facts, as disclosed by the record in the instant case, we are left somewhat in darkness and in doubt as to just what was the actual market value of the stock owned by Jones at the time of his death.

It is urged by learned counsel for defendant in error that the book value of the stock should be taken and considered as its actual market value.

To this claim we cannot agree. If this were fixed as a rule to determine actual market value of stocks, it certainly would open the door to fraud and result in either excessive or low values in many instances.

In the trial below, several witnesses testified that the actual value of this stock at the time of the decedent's death was about $200 per share. True, they could not and did not arrive at this conclusion from actual sales made of the stock, because none had been sold. However, they were men versed in stock transactions, and at least one of the witnesses was connected with, and knew the business transacted by, and the scope and extent of, the interests of the W. M. Pattison Supply Company.

We are inclined to believe under the facts that the actual market value of the stock in controversy does not depend upon one thing, but upon many. This we are bound to find and hold in the present

case for the reason that none of the stock of the Pattison Supply Company has been sold; therefore we are compelled to resort to other elements of fact in order to arrive at a just conclusion between the Jones estate and the state tax commission, sounding not only in law, but in equity as well.

Some of these facts disclosed by the evidence, which have aided us in the judgment reached in this case are: (a) The value and sale of stocks of a similar kind. (b) The activities of the corporation during the different periods of its existence. (c) Its earnings at the time of the death of Jones. (d) The actual financial condition of the corporation at the date of the death of Jones, as compared with previous dates during its existence. (e) The future prospects of the corporation, in a financial way, at the date of the death of Jones. Dividends that had been paid during the years and at different periods of the corporation.

We do not feel that further comment is necessary except to say that we find and hold that the judgment announced by the probate court is sound in fact and law, and gives, in our judgment, substantial justice to all parties concerned. It follows that the judgment of the common pleas court should be reversed, which is now done, and the judgment of the probate court is affirmed.

*Judgment reversed.*

Patterson and Shields, JJ., concur.

Judges of the Fifth Appellate District, sitting in place of Judges Vickery, Sullivan and Levine, of the Eighth Appellate District.