R. F. ROOF, LTD., APPELLEE, *v.* SOMMERS ET AL., APPELLANTS.

(No. 348—Decided February 16, 1944.)

*Mr. J. J. Labadie,* for appellee.

*Mr. Claude L. Recker,* for appellant Ray Walter Sommers.

*Mr. Thomas J. Herbert,* attorney general, and *Mr. John M. Woy,* for appellant Unemployment Compensation Board of Review.

GUERNSEY, P. J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Putnam county, Ohio.

The case arose from a claim for benefits filed by Ray Walter Sommers with the Bureau of Unemployment Compensation of Ohio. Sommers claimed to be

an employee of R. F. Roof, Limited, a partnership association, appellee. The administrator of the bureau in the first instance denied this claim for benefits, on the ground that Sommers was a partner and not an employee. Sommers, under the law, appealed to the board of review of the above bureau. The board of review then referred the matter to one of its referees to hold a hearing, and such hearing was held on or about July 16, 1942, at Ottawa, Ohio, before Referee Ray C. Odenweller. Under date of August 12, 1942, the referee reversed the administrator and allowed the claim for benefits,

R. F. Roof, Limited, took an appeal to the board and on September 9, 1942, the board denied further appeal which in effect made the referee's decision the final decision of the board. R. F. Roof, Limited, then appealed from this decision to the Common Pleas Court of Putnam county.

The case was tried in such court on the transcript filed by the board of review, and upon the arguments and briefs of counsel. On July 6, 1943, the Common Pleas Court entered judgment reversing the decision of the board, and denied payment of benefits to Sommers. The claimant, Sommers, and the board of review, which had been made a party defendant in the case in the Common Pleas Court, perfected this appeal from such judgment.

Sommers began working for one R. F. Roof in March 1928, as a candler in a poultry and egg establishment at Glandorf, Ohio, at $22 a week and worked continuously in such capacity until about the end of December 1941.

The unemployment compensation law became effective on December 17, 1936.

In January 1937, Sommers was approached by Roof and was requested to join a partnership arrangement

with other employees of the establishment and Roof, for the operation of such establishment, which he did. The partnership was a "partnership association" organized under the provisions of Sections 8059 to 8078 of the General Code. Sommers continued to work at the establishment for the partnership association until the dissolution of the association in December 1941, the compensation received by him being advanced to $24 per week at the end of the year 1937.

During the year 1941, the Bureau of Unemployment Compensation had held that the partnership association was liable to pay contributions under the unemployment compensation law on amounts which it paid its members for services rendered to the association.

This partnership association was dissolved as of December 31, 1941. Effective January 1942, a general partnership was entered into by this same group, and claimant, not wishing to join the general partnership, refused to do so and lost his employment, and, on January 13, 1942, filed his claim for benefits.

The benefits allowed to Sommers through action of the board of review of the Bureau of Unemployment Compensation denying the appeal of R. F. Roof, Limited, were properly allowable if Sommers had been as a matter of fact an employee of R. F. Roof, Limited, a partnership association, during the period of the existence of such association.

The appellants assign errors in a number of particulars all of which are to the effect that the judgment of the Court of Common Pleas is contrary to law.

Under these assignments appellants claim that Sommers had rendered services to R. F. Roof, Limited, a partnership association, for remuneration; that such services, within the purview of the unemployment compensation law, were those of an employee of the association; and that under the undisputed facts shown

by the record Sommers was entitled to benefits in the amount allowed by the Bureau of Unemployment Compensation when he became unemployed in January 1942.

R. F. Roof, Limited, on the other hand, contends that as it was a partnership association and Sommers was a member thereof, it was not an employer subject to the unemployment compensation law and therefore Sommers was not entitled to benefits.

The following provisions of the General Code (118 Ohio Laws, 721) were part of the act relating to unemployment compensation and are pertinent to the matter at issue:

Section 1345-1. "* * *

"b.(1) 'Employer' means any individual or type of organization including any partnership, association, trust, estate, joint stock company, insurance company, or corporation, whether domestic or foreign * * * (which) has, or subsequent to December 31, 1936, had in employment three or more individuals at any one time within the current calendar year * * *

"c. 'Employment' means service, including service performed in interstate commerce, performed for remuneration under any contract of hire, written or oral, express or implied. The term 'employment' shall include an individual's entire service performed within or both within and without the state [this definition of "employment" had been in effect since August 1937.] * * *

"e. 'Wages' means remuneration payable to an employee by each of his employers with respect to employment during any calendar year * * *

"f. 'Remuneration' means all compensation payable for personal services, including commissions and bonuses and the cash value of all compensation payable in any medium other than cash. * * *"

These definitions are quoted from the law existing prior to the 1941 amendment.

Sommers was clearly an employee of R. F. Roof, Limited, a partnership association, within the purview of the foregoing statutory provisions unless the fact that he was a member of the partnership association during the period of the rendition of services by him precluded him from having the status of an employee of such association.

In the case of *Goldberg* v. *Industrial Commission,* 131 Ohio St., 399, 3 N. E. (2d), 364, it was held that employee-members of an ordinary partnership are not embraced within the terms "workmen" and "employees," as used in Section 35 of Article II of the Constitution of Ohio relating to workmen's compensation. That holding was based on the reasoning that a member of an ordinary partnership when engaged in carrying on the business activities of the partnership is working for himself and in his own interest and for this reason does not have the status of an employee of the partnership.

If a partnership association such as R. F. Roof, Limited, organized pursuant to the provisions of Sections 8059 to 8078, General Code, has the legal attributes of an ordinary partnership, that holding and the reasoning upon which it was based are applicable to the relationship which existed between Sommers and R. F. Roof, Limited, and Sommers, as a matter of law, was not an employee of the partnership association. On the other hand, if such a partnership association does not have the legal attributes of an ordinary partnership, that holding and the reasoning upon which it was based are inapplicable to the relationship which existed between R. F. Roof, Limited, and Sommers.

This being the case, it is necessary to determine whether a partnership association, such as R. F. Roof, Limited, organized under the provisions of Sections

8059 to 8078, General Code, has the legal attributes of an ordinary partnership.

An examination of the provisions of those sections discloses that a partnership association may be organized by three or not more than twenty-five persons, and the interests of the individual members of such association are personal property and may be transferred under rules and regulations adopted by the association. There is no liability against the members of the association, over and above the amounts of their respective unpaid subscriptions. A member of such an association may transfer his interest. The death of a member or the transfer of an interest of a member does not terminate the existence of the partnership association or affect the conduct of its business. The association must hold at least one meeting a year at which not less than three nor more than five managers must be elected, one of whom shall be chairman, one treasurer, and one secretary, who hold their respective offices for one year. The association is authorized to sue and be sued in its association name and summons for the association may be served on the chairman, secretary or treasurer. Conveyances by the association may be acknowledged by the chairman and secretary. A majority of the managers of the association determine upon a division of profits.

As the business of such association is conducted by managers, a person in his capacity as member has nothing to do with the management of the business of the association and has no authority in such capacity to act for the association or the members thereof, or to render, or to employ anyone else to perform, services for the association.

From a consideration of those provisions it will be noted that the legal attributes of a partnership association of this character differ from those of an ordinary partnership, in the following particulars:

1. The interest of an individual member of the association is personal property and may be transferred under rules and regulations adopted by the association.

2. The death of a member or the transfer of the interest of a member does not terminate the existence of the partnership association or affect the conduct of its business.

3. The business affairs of the association are managed by not more than five nor less than three members elected for that purpose, a majority of whom determine upon a division of the profits.

4. The association may sue, be sued and make conveyances as a legal entity.

5. A person in his capacity as a member has nothing to do with the management of the business of the association and has no authority to act for the association or the members thereof, or to render, or employ anyone else to render, services for the association.

6. The legal attributes of a partnership association are such that it is a legal entity separate and apart from the members composing the same.

The legal attributes of a partnership association organized under the sections above mentioned being so dissimilar to the legal attributes of an ordinary partnership, as above noted, the holding in the case above mentioned and the reasoning upon which it was based are inapplicable to the relationship existing between such an association and its members.

As R. F. Roof, Limited, a partnership association, was a legal entity and the claimant, Sommers, when engaged in carrying on the business activities of the association was not working for himself or in his own interest but for the association and in its interest, he was an employee of the association, within the purview of Section 1345-1 *et seq.* of the General Code, relating to unemployment compensation and is entitled

to unemployment compensation as ordered by the Bureau of Unemployment Compensation.

For the reasons mentioned, the judgment of the Common Pleas Court is reversed; and this court rendering the judgment the Common Pleas Court should have rendered, affirms the decision of the Unemployment Compensation Board of Review appealed from, at the costs of R. F. Roof, Limited.

*Judgment reversed.*

JACKSON and MIDDLETON, JJ., concur.