LERCH, DECEASED, ESTATE OF, IN RE.

Probate Court, Franklin County.

No. 214574.   Decided January 30, 1964.

*Mr. Ralph G. Smith*, for the executor.
*Mr. Robert L. Frix*, for the exceptor.

## STATEMENT OF FACTS

VAN HEYDE, J.   George Lerch died testate on March 21,

1963, and Earl W. Reed, a foster son, was duly appointed Executor of the estate on March 28, 1963, and caused the Inventory and Appraisement of this estate to be filed on May 2, 1963.

On the 21st day of May, 1963, Eula V. Knisely, legatee of the deceased George Lerch, filed her exceptions to the inventory and appraisement alleging that

"the valuation of the interest of decedent in the Ohio Printing Co. Ltd., as listed therein by the Court appointed appraisers in the amount of $41,986.30 is grossly inadequate. The Exceptor requested a hearing on said matter and further requested the decedent's interest in the Ohio Printing Co. Ltd. be appraised in accordance with Section 1783.05, Revised Code, and prayed for such further orders as the facts and law required."

A hearing was held on this matter before Joseph J. Van Heyde, Judge of the Court, and by stipulation of the parties to the action, the sole question to be determined was the appraisement of the valuation of the decedent's interest in the Ohio Printing Co. Ltd., a limited partnership operating under Ohio law.

At the hearing on this matter, the Exceptors did not examine the court appointed appraisers on any matters pertaining to the Inventory and Appraisement as filed.

The only witness was an agreed expert witness, Mr. James Lingo, a certified public accountant from Columbus, Ohio. The parties agreed to engage the expert witness but did not agree to be bound by his ultimate opinion valuations. The expert witness made a thorough examination of the assets of the limited partnership before appearing in Court to testify as to his *opinion valuation* of the decedent's forty percent (40%) interest in the Ohio Printing Co. Ltd. The expert witness submitted a comprehensive detailed appraisal of the decedent's 40% interest in the Ohio Printing Co. Ltd. on the basis of its present use at $53,950.00, said amount being $11,963.70 in excess of the reported appraisal of $41,986.30 made by the court appointed appraisers.

The expert witness, in his testimony and his filed report of findings, explains in detail the various methods he used at arriving at his final figure.

On a value based upon earnings capitalized at a 12½%

244

interest rate over a four year period from 1959 through 1962, the 40% interest of the decedent in the Ohio Printing Co. Ltd. was fixed at $31,731.00, an amount less than book value of the Company's assets at the date of death of the decedent.

Because of this wide appraisal variation, the expert witness explains that it is necessary to appraise the fixed assets as of March 21, 1963, and to adjust book value at that date for any appreciation of fixed assets.

Based on this latter method, the expert witness arrived at a fair market value figure of the decedent's 40% interest in the Ohio Printing Co. Ltd. of $67,440.00. Because it is a minority interest in the Company, the marketability of it is greatly limited. He further states that because of the restrictions imposed upon the transferee of an interest under Section 1783.05, Revised Code, further limitations of marketability are placed upon this interest of the decedent's.

As a result of these restrictions of marketability the expert witness discounted the figure of $67,440.00 by twenty percent (20%) giving the Court his fair market value appraisal of $53,950.00.

In addition to the appraisal figures of the expert witness and the court appointed appraisers, the evidence (Court Exhibit Two—Statement of Limited Partnership Association of the Ohio Printing Company, Limited, Columbus, Ohio) reveals the fact that the limited partners themselves, on March 15, 1958, show the decedent's 40% interest on the partnership at $40,-000.00.

CONCLUSIONS OF LAW

The question and determination of the fair value of property is one that will differ greatly depending upon the type and kind of property involved and the various persons making the appraisals.

In the instant case, the Court is called upon to make the final determination of fair market value of a decedent's 40% or minority interest in a limited partnership association.

The testimony and evidence before the Court reveals the fact that the valuations by the various methods used range from $31,731.00 to $53,950.00.

The Court, in making its ultimate decision as to fair market

value at date of death of the decedent, has taken into consideration the following:

1. The interest of the decedent was a 40% minority interest;

2. The Company involved is a Limited Partnership Association organized under Section 1783.12, Revised Code;

3. The decedent and his partners by the Statement of Limited Partnership Association signed on March 15, 1958, record the 40% interest at $40,000.00;

4. The interest in this Limited Partnership Association is in the nature of a share of stock in a corporation, hence, intangible personal property with all the variable factors to be considered in determination of value;

5. The methods used by the expert witness were arbitrary and were based on the following:

a. The value based on earnings capitalized at 12½% interest rate over a four year period;

b. The book value as disclosed by the Company's records;

c. The fair market value of all assets of the Company discounted 20% because of the minority interest and because of an interest in a limited partnership association organized under Section 1783.05, Revised Code. Said fair market value discounted 20% was $53,950.00.

6. The Court appraisers' Inventory and Appraisement of all assets, with the exceptions of this one disputed item, was accepted by all parties.

7. *Decrease in net worth* because of certain compensation paid to Robert Lerch and Earl Reed pursuant to the Company's minutes of August 12, 1962.

8. Section 1783.05, Revised Code, provides, among other things, as follows:

"Any change of ownership, whether by sale, *death*, bankruptcy or otherwise, which is not followed by election of the new owner to the Association shall entitle the owner only to his interest therein, at a price and upon terms to be mutually agreed upon. In default of such agreement, the price and terms shall be fixed by an appraiser appointed by the Common Pleas Court of the proper County, subject to approval of the Court."

In the absence of affording themselves of their rights under the above section, this matter has been left to the discretion of

246

this Probate Court for final determination of the fair market value of the decedent's 40% interest at the date of his death.

Taking into consideration all of the above factors together with the law pertaining to such matters, it is the opinion of this Court that the fair market value of the decedent's 40% interest in the Ohio Printing Company, Ltd., be, and the same is hereby set at $48,000.00.

Citations: Section 2115.16, Revised Code—Hearings on Inventory; Section 1783, Revised Code—Limited Partnership Association; Section 1783.05, Revised Code—Transferability of Interest; *In re Estate of Jones*—23 Ohio App., 74, Regarding valuation of stock, and *R. F. Roof Ltd.* v. *Sommers*—75 Ohio App., 517.

Exceptions of Eula D. Knisley sustained to the extent of amending the Inventory, Schedule "C"—Securities. Interest in the Ohio Printing Co. Ltd. to $48,000.00.

Cost of proceedings including cost of expert witness in amount of $412.50 to be paid by the Executor and chargeable to the debts of the estate.

Entry to be drawn accordingly.