Weygandt, C. J.
 

 The plaintiff filed his claim under favor of the last paragraph of Section 1465-68, General Code, as amended in 1925 (111 Ohio Laws, 218), which reads as follows:
 

 “Any member of a partnership, firm or association composed of two or more individuals, who is paid a fixed compensation for services rendered to such partnership, firm or association, and the dependents of such as are killed in the course of employment, wheresoever such injury has occurred, provided the same was not purposely self-inflicted, shall be paid such compensation and benefits as are provided in case of other injured, diseased or killed employees by this act, provided such partnership, firm or association includes in the pay roll furnished by if to the Industrial Commission the compensation of such member and pays the premium based thereon.”
 

 It is the contention of the defendant that this statutory amendment is violative of Sections 26 and 35 of Article II of the Constitution of Ohio. The latter of these, as amended at the 1923 election, now contains the following language:
 

 “For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen’s employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. Such compensation shall be in lieu of all other rights to compensation, or
 
 *401
 
 damages, for such death, injuries, or occupational disease, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries or occupational disease. Laws may be passed establishing a board which may be empowered to classify all occupations, according to their degree of hazard, to fix rates of contribution to such fund according to such classification, and to collect, administer and distribute such fund, and to determine all rights of claimants thereto. Such board shall set aside as a separate fund such proportion of the contributions paid by employers as in its judgment may be necessary, not to exceed one percentum thereof in any year, and so as to equalize, insofar as possible, the burden thereof, to be expended by such board in such manner as may be provided by law for the investigation and prevention of industrial accidents and diseases. Such board shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employees, enacted by the General Assembly or in the form of an order adopted by such board, and its decision shall be final; and for the purpose of such investigations and inquiries it may appoint referees. When it is found, upon hearing, that an injury, disease or death resulted because of such failure by the employer, such amount as shall be found to be just, not greater than fifty nor less than fifteen percentum of the maximum award established by law, shall be added by the board, to the amount of the compensation that may be awarded on account of such injury, disease, or death, and paid in like manner as other awards; and, if such compensation is paid from the state fund, the premium of such employer shall be increased in such amount, covering such period of time as may be fixed,
 
 *402
 
 as will recoup the state'fund in the amount of such additional award, notwithstanding any and all other provisions in this Constitution.” •
 

 Specifically the defendant claims that this section of the Constithtion does not empower the Legislature to include partners among employees, as has been clearly attempted in the statute. The plaintiff places much reliance upon the use of the word “workmen,” and insists that it is a much broader term than ‘ ‘ employees. ’ ’ However, it must be observed that Section 35 uses both- “workmen” and “employees,” and seems to do so interchangeably and in contradistinction to “employers.” Apparently this has been rather generally sanctioned, as is indicated by the statement in 28 Ruling Case Law, 761, that “Perhaps in general parlance some difference of weight is attached to these words, the term ‘workman’ connoting a grade inferior to and a service more restricted than the duties performed by an ‘employee’; but as employed in the workmen’s compensation act it appears that no distinction is to be made in respect of the use of these words.”
 

 Does this language of the Ohio Constitution contemplate a situation in which the same individual is at once an employer and an employee or workman? An examination of reported decisions indicates that this is a question of first impression in this court. Counsel cite a number of cases from other jurisdictions, and research discloses a comprehensive series of helpful annotations on the subject in 15 A. L. R., 1288, 25 A. L. R., 376, 44 A. L. R., 1217, 47 A. L. R., 843, and 81 A. L. R., 644. Both the plaintiff and the- defendant rely upon apparently inconsistent decisions by the Supreme Court of California. In the earlier of those cases partner-employees were not permitted to recover, but the later pronouncements are to the contrary. However, there are at least two reasons for the present rule. In the first place the California statute has been amended, and secondly, the present pro
 
 *403
 
 vision in the California Constitution is broader than than that of Ohio, and expressly includes ‘ ‘ any and all workmen. ’ ’ Then, too, it must be observed that neither the statute nor the Constitution of California provides for an additional award when there is a violation of a specific requirement, as does the Constitution of Ohio. Consequently the courts of that state were not confronted with the difficulty of reconciling an anomalous employer-employee relationship which would somehow permit a partner to recover
 
 additional
 
 compensation for his
 
 own
 
 violation of law. Among the states whose decisions are relied .upon, only Michigan and Washington have such provisions even remotely resembling those of Ohio. In the state of Washington the difficulty here encountered is obviated by a statutory prohibition (Section 7683, Rem. Rev. Stat. of Washington) against the allowance of additional compensation to a partner - employee when there has been a violation of a specific requirement “if the absence of such guard or protection be due to the removal thereof by the injured workman himself or with his knowledge by any of his fellow-workmen”; and the clause in the Constitution is brief and general in its terms. Similarly, in the state of Michigan the constitutional provision is equally general and even shorter ; and the statute (Section 8413, Compiled Laws of Michigan, 1929) limits the allowance of additional compensation to cases involving a violation in the employment of a minor. Thus the briefs cite no authority sustaining the situation that would result from holding the Ohio statute valid.
 

 But aside from the matter of authorities, sheer reason militates against the inconsistencies of a master-servant, principal-agent, employer-employee relationship, especially when aggravated by the ele-_ ment of temptation to violate the law in one capacity in order to obtain additional compensation in another
 
 *404
 
 capacity under the same law. It is of course true that the plaintiff in the instant case is not asking additional compensation for violation of a specific requirement, but it is equally true that the constitutional validity of a statute is determined upon the basis of what it would in fact permit, and not merely upon the prayer of a particular petition. This court is clearly of the opinion that a partner-employee is not embraced within the terms “workmen” and “employees” as used in Section 35 with its mandatory provision for additional compensation in case of violation of a specific requirement. Therefore the Legislature was without power to enact the last paragraph of Section 1465-68, General Code.
 

 The foregoing views make it unnecessary to discuss the remaining contention of the defendant.
 

 However, it is urged by the plaintiff that the defendant is estopped to deny the constitutional validity of this part of the statute inasmuch as it has accepted premiums based upon a payroll which included the plaintiff’s salary. One difficulty with this contention is that it was not interposed in either of the lower .courts. It does not appear in the pleadings, nor was it mentioned in the briefs in the Court of Appeals. The plaintiff’s counsel filed no brief in this court in opposition to the motion to certify or in support of the motion to dismiss the appeal as of right. The question was not raised until the plaintiff’s brief was filed in this court shortly before the case was heard upon the general docket. Ordinarily reviewing courts do not consider questions not presented to the court ■ whose judgment is sought to be reversed. 2 Ohio Jurisprudence, 203. Of course an exception to this is the question of jurisdiction of the subject-matter, but it is not here involved.
 

 The judgment of the Court of Appeals is reversed
 
 *405
 
 and final judgment must be entered in favor of the defendant.
 

 Judgment reversed.
 

 Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.