[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 147.]

THE STATE EX REL. MAYES, APPELLANT, *v.* HOLMAN, PROS. ATTY., APPELLEE.

[Cite as *State ex rel. Mayes v. Holman*, 1996-Ohio-420.]

*Public records—Mandamus to compel prosecuting attorney to mail to relator the remaining page of sheriff's department supplemental report omitted from previous mailing dealing with incarcerated relator's criminal case—Writ denied, when.*

(No. 96-395—Submitted June 4, 1996—Decided July 24, 1996.)

APPEAL from the Court of Appeals for Medina County, No. 95 CA 2506-M.

———————————

{¶ 1} Appellant, Darryl Mayes, Sr., was convicted of aggravated burglary and theft with a violence specification. The Court of Appeals for Medina County affirmed his convictions and sentence, and we denied Mayes's discretionary appeal. *State v. Mayes* (July 26, 1995), Medina App. No. 2393-M, unreported, 1995 WL 446682; *State v. Mayes* (1995), 74 Ohio St.3d 1476, 657 N.E.2d 783.

{¶ 2} During his criminal trial, Mayes received pages two through five of a Medina County Sheriff's Department supplemental report and certain pages of a Hinckley Police Department supplemental report. By letter dated October 20, 1995, Mayes requested that appellee, Medina County Prosecuting Attorney Dean Holman, mail copies of the remaining pages of these police reports to him. The Hinckley Police Department subsequently mailed a complete copy of its supplemental police report to Mayes, who is incarcerated at the Mansfield Correctional Institution. However, Holman failed to mail a copy of the requested first page of the Medina County Sheriff's Department supplemental report.

{¶ 3} In November 1995, Mayes filed a complaint in the court of appeals for a writ of mandamus to compel the release of the requested page under Ohio's Public Records Act, R.C. 149.43. Holman filed a motion to dismiss or, in the

alternative, for summary judgment. Holman also filed an affidavit of Medina County Assistant Prosecuting Attorney Robert A. Campbell, who had prosecuted Mayes's criminal case. Campbell stated that the requested information was part of the sheriff's file, but was not discoverable under Crim.R. 16(B).

{¶ 4} In January 1996, the court of appeals granted Holman's motion for summary judgment and denied the writ. The court of appeals concluded that the subject record was not discoverable under Crim.R. 16(B) and constituted an exempt trial preparation record under R.C. 149.43(A)(4).

{¶ 5} The cause is now before this court upon an appeal as of right.

_____

*Darryl Mayes, Sr., pro se*.

*Dean Holman*, Medina County Prosecuting Attorney, and *William L. Thorne*, Assistant Prosecuting Attorney, for appellee.

_____

**Per Curiam.**

{¶ 6} Mayes claims that the court of appeals erred in entering summary judgment in favor of Holman and that he is entitled to a writ of mandamus compelling the release of the requested record. Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379.

{¶ 7} Mandamus is appropriate to compel compliance with R.C. 149.43. *State ex rel. Master v. Cleveland* (1996), 75 Ohio St.3d 23, 28, 661 N.E.2d 180, 184. "Information, not subject to discovery pursuant to Crim.R. 16(B), contained

2

in the file of a prosecutor who is prosecuting a criminal matter, is not subject to release as a public record pursuant to R.C. 149.43 and is specifically exempt from release as a trial preparation record in accordance with R.C. 149.43(A)(4)." *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, paragraph three of the syllabus.

{¶ 8} Mayes asserts that once a record is released pursuant to Crim.R. 16(B) in criminal discovery, it is a public record which must be released on request in compliance with R.C. 149.43. However, Mayes did not support this assertion with Civ.R. 56 evidence in the court of appeals. Instead, the only appropriate summary judgment evidence was Campbell's affidavit, which established that the requested record was not discoverable under Crim.R. 16(B) and that Mayes had already been given all information to which he was entitled under Crim.R. 16(B). When a motion for summary judgment is made and supported as provided in Civ.R. 56, the nonmoving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing that there is a genuine triable issue. *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 449, 663 N.E.2d 639, 641; Civ.R. 56(E). Therefore, Mayes's claim that he is entitled to the requested record because it was subject to discovery under Crim.R. 16(B) is not supported by the record and is meritless.

{¶ 9} In addition, Mayes appears to contend that despite its inclusion in the prosecutor's file, the requested record does not constitute a trial preparation record under R.C. 149.43(A)(4), whether or not it was discoverable under Crim.R. 16(B). See, *e.g., State ex rel. Carpenter v. Tubbs Jones* (1995), 72 Ohio St.3d 579, 580, 651 N.E.2d 993, 994 ("Not every record contained within a prosecutor's file is an exempt 'trial preparation record.' Documents discoverable under Crim.R. 16(B) or other records, such as routine office and indictment reports, fall outside the definition of 'trial preparation record' and are always subject to disclosure upon

request by the criminal defendant."); *Steckman, supra*, at paragraph five of the syllabus ("Routine offense and incident reports are subject to immediate release upon request.").

{¶ 10} Nevertheless, even if Mayes's latter contention has merit, he is still not entitled to extraordinary relief in mandamus. As Mayes acknowledged in his complaint in the court of appeals, Holman possesses no clear legal duty to transmit copies of public records by mail. *State ex rel. Nelson v. Tubbs Jones* (1993), 67 Ohio St.3d 438, 619 N.E.2d 287; *State ex rel. Nelson v. Fuerst* (1993), 66 Ohio St.3d 47, 607 N.E.2d 836.

{¶ 11} Accordingly, for the foregoing reasons, the court of appeals did not err in granting Holman's motion for summary judgment and denying the writ. The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

————————————