[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 258.]

THE STATE EX REL. PORTER, APPELLANT, *v.* CLEVELAND DEPARTMENT OF
PUBLIC SAFETY ET AL., APPELLEES.

[Cite as *State ex rel. Porter v. Cleveland Dept. of Pub. Safety*, 1998-Ohio-539.]

*Public records—Mandamus to compel Cleveland Department of Public Safety and
its police chief to forward copies of certain records to relator—Complaint
dismissed, when.*

(No. 98-1140—Submitted October 27, 1998—Decided December 30, 1998.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 74269.

————————————

{¶ 1} In 1998, appellant, Paul Porter, filed a complaint for a writ of
mandamus in the Court of Appeals for Cuyahoga County. Porter, an inmate at the
Marion Correctional Institution, sought to compel appellees, Cleveland Department
of Public Safety and its police chief, to forward copies of certain records to him
pursuant to Ohio's Public Records Law, R.C. 149.43. Appellee Department of
Public Safety had previously advised Porter that it had no obligation to mail the
requested records to him, but that Porter could designate an individual to contact
appellee about his request. Porter, however, had no one to act as his designee.
Porter did not raise any alleged violation by appellees of the Americans with
Disabilities Act or his constitutional right of access.

{¶ 2} The court of appeals dismissed Porter's complaint, and the cause is
before this court upon an appeal as of right.

————————————

*Paul Porter, pro se.*

*Sylvester Summers, Jr.*, Cleveland Director of Law, *Joseph J. Jerse*, Chief
Assistant Director of Law, and *Anthony N. Palombo*, Assistant Director of Law, for
respondents.

---

*Per Curiam.*

{¶ 3} Porter asserts in his propositions of law that the court of appeals erred in dismissing his complaint for a writ of mandamus. For the reasons that follow, Porter's claims lack merit.

{¶ 4} First, as the court of appeals correctly held, appellees did not have a clear legal duty under R.C. 149.43 to transmit copies of the requested records to Porter in prison by mail or other means. *State ex rel. Iacovone v. Kaminski* (1998), 81 Ohio St.3d 189, 190, 690 N.E.2d 4, 5; *State ex rel. Mayes v. Holman* (1996), 76 Ohio St.3d 147, 149, 666 N.E.2d 1132, 1134.

{¶ 5} Second, Porter waived his appellate claims concerning appellees' alleged violations of the Americans with Disabilities Act and his constitutional right of access because he failed to raise these claims in the court of appeals. " 'Ordinarily, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed.' " See *State ex rel. Quarto Mining Co. v. Foreman* (1997), 79 Ohio St.3d 78, 81, 679 N.E.2d 706, 709, quoting *Goldberg v. Indus. Comm.* (1936), 131 Ohio St. 399, 404, 6 O.O. 108, 110, 3 N.E.2d 364, 367.

{¶ 6} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---