THE STATE EX REL. PORTER, APPELLANT, *v.* CLEVELAND
DEPARTMENT OF PUBLIC SAFETY ET AL., APPELLEES.

[Cite as *State ex rel. Porter v. Cleveland Dept.
of Pub. Safety* (1998), 84 Ohio St.3d 258.]

(No. 98–1140—Submitted October 27, 1998—Decided December 30, 1998.)

*Paul Porter, pro se.*

*Sylvester Summers, Jr.,* Cleveland Director of Law, *Joseph J. Jerse,* Chief Assistant Director of Law, and *Anthony N. Palombo,* Assistant Director of Law, for respondents.

*Per Curiam.* Porter asserts in his propositions of law that the court of appeals erred in dismissing his complaint for a writ of mandamus. For the reasons that follow, Porter's claims lack merit.

First, as the court of appeals correctly held, appellees did not have a clear legal duty under R.C. 149.43 to transmit copies of the requested records to Porter in prison by mail or other means. *State ex rel. Iacovone v. Kaminski* (1998), 81 Ohio St.3d 189, 190, 690 N.E.2d 4, 5; *State ex rel. Mayes v. Holman* (1996), 76 Ohio St.3d 147, 149, 666 N.E.2d 1132, 1134.

Second, Porter waived his appellate claims concerning appellees' alleged violations of the Americans with Disabilities Act and his constitutional right of access because he failed to raise these claims in the court of appeals. " 'Ordinarily, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed.' " See *State ex rel. Quarto Mining Co. v. Foreman* (1997), 79 Ohio St.3d 78, 81, 679 N.E.2d 706, 709, quoting *Goldberg v. Indus. Comm.* (1936), 131 Ohio St. 399, 404, 6 O.O. 108, 110, 3 N.E.2d 364, 367.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.