**SADINSKY, Appellant,**

v.

**EBCO MANUFACTURING COMPANY, Appellee.**

[Cite as *Sadinsky v. EBCO Mfg. Co.* (1999), 134 Ohio App.3d 54.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 98AP–981.

Decided June 22, 1999.

**56**

*Alden & McVay Co., L.P.A., Matthew L. Alden* and *Randolph W. Alden,* for appellant.

*Vorys, Sater, Seymour & Pease, L.L.P., Elizabeth T. Smith* and *Jacklyn J. Ford,* for appellee.

KENNEDY, Judge.

Plaintiff-appellant, John Sadinsky, appeals from the judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, EBCO Manufacturing Company.

Appellant, a former employee of appellee, filed a complaint alleging that the termination of his employment by appellee was the result of handicap or disability discrimination in violation of the Americans with Disabilities Act ("ADA"), Section 12101 *et seq.,* Title 42, U.S.Code; R.C. 4112.02(A) and 4112.99; the Family and Medical Leave Act ("FMLA"), Section 2601 *et seq.,* Title 29, U.S.Code; and Section 1981, Title 42, U.S.Code. Appellant also alleged that his termination constituted wrongful discharge in violation of public policy. Appellee filed a motion for summary judgment, arguing that appellant's discharge was lawful and not discriminatory and that appellant is not disabled. Appellant voluntarily dismissed his claim under the FMLA. Appellant filed a memorandum contra to appellee's summary judgment motion, and appellee filed a reply to appellant's memorandum contra.

The trial court granted appellee's summary judgment motion, finding that appellant was not disabled under either the ADA or the Ohio statute, that appellant had failed to present a prima facie case of handicap/disability discrimination under either statute because he failed to establish that he was able to perform the essential functions of the job with or without reasonable accommoda-

tion, that appellant had failed to establish that his discharge was in violation of public policy, and that his claim under Section 1981, Title 42, U.S.Code failed because the statute does not apply to disability discrimination. Appellant filed a timely appeal.

On appeal, appellant asserts a single assignment of error:

"The trial court erred as a matter of law in holding that John Sadinsky is not disabled."

Appellee is an Ohio corporation engaged in the business of manufacturing dehumidifiers, drinking fountains, and bottled-water coolers. Appellant began working for appellee in 1983. Appellant injured his back in 1990, but he experienced no continuing pain or other lasting effects from that injury after he completed treatment.

On April 12, 1995, appellant was working as a materials handler in the receiving department. While unloading steel from a forklift, appellant reinjured his back. Appellant was treated by Dr. Vargo, his family physician, for the injury for a five-week period. He then returned to work on May 22, 1995, to his previous materials handler position under thirty-day work restrictions, including not lifting more than thirty pounds above the waist, not working more than eight-hour days, and not working more than five days a week. After the restrictions ended, appellant was able to perform the functions of his position, including lifting seventy-five pounds at times, driving a forklift for fifty to sixty percent of the day, and performing office work that did not require sitting for long periods of time. During the summer of 1995, appellant continued to work as a materials handler for appellee. Appellant indicated that he was in constant pain during this period and that his condition worsened. However, he continued working in his towing business, which he had started at the end of 1994, lifting weights three times a week, and engaging in physical activities, including water skiing and knee-boarding.

Due to appellant's continuing pain, Dr. Vargo referred appellant to Dr. Martz, an orthopedic surgeon, whom appellant saw on October 13, 1995. Dr. Martz diagnosed appellant as having a strain and a sprain of the lumbrosacral area and also the sacroiliac joints on the left side. Dr. Martz removed appellant from work and enrolled him in physical therapy. Appellant was released to return to work on November 6, 1995, on light-duty status with the restrictions of no lifting, pushing, or pulling and no standing for any length of time. An MRI performed on appellant in December 1995 indicated that he had a herniated disk

Appellee placed appellant in the position of cycle counter, which entailed counting inventory and entering data into a computer. The cycle counter position was new and evolving. Although appellant bid on a permanent cycle counter

position, he did not get the job. Thomas Hommrich, a manager at EBCO, informed appellant that there were no jobs available that he could perform under his physical restrictions. Appellee terminated appellant's employment on December 5, 1995.

In appellant's single assignment of error, he argues that the trial court erred as a matter of law in holding that appellant is not disabled. We disagree.

An appellate court reviews a trial court's grant of summary judgment independently and without deference to the trial court's determination. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1157. An appellate court applies the same standard as the trial court in reviewing a trial court's disposition of a summary judgment motion. *Maust v. Bank One Columbus, N.A.* (1992), 83 Ohio App.3d 103, 107, 614 N.E.2d 765, 768. Before summary judgment can be granted under Civ.R. 56(C), the trial court must determine that "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138, 140.

Appellant asserted claims for disability discrimination under the ADA and handicap discrimination under R.C. 4112.02(A). To state a claim of disability discrimination under the ADA, a party must establish that "(1) he is an individual with a disability, (2) he is 'otherwise qualified' to perform the job requirements, with or without reasonable accommodation, and (3) he was discharged solely by reason of his handicap." (Footnote deleted.) *Monette v. Electronic Data Systems Corp.* (C.A.6, 1996), 90 F.3d 1173, 1178.

Similarly, to state a prima facie case of handicap discrimination under R.C. 4112.02(A), the party seeking relief must establish "(1) that he or she was handicapped, (2) that an adverse employment action was taken by an employer, at least in part, because the individual was handicapped, and (3) that the person, though handicapped, can safely and substantially perform the essential functions of the job in question." *Columbus Civ. Serv. Comm. v. McGlone* (1998), 82 Ohio St.3d 569, 571, 697 N.E.2d 204, 206, citing *Hazlett v. Martin Chevrolet, Inc.*

(1986), 25 Ohio St.3d 279, 281, 25 OBR 331, 333, 496 N.E.2d 478, 480. Thus, the inquiry under both statutes is virtually identical.

The first step of the inquiry under both statutes is whether the individual was disabled/handicapped. The ADA defines "disability" with regard to an individual as follows:

"(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

"(B) a record of such an impairment; or

"(C) being regarded as having such an impairment." Section 12102(2), Title 42, U.S.Code.

The Code of Federal Regulations provides guidance for the meanings of the terms "substantially limits" and "major life activities." "Major life activities" are "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." Section 1630.2(i), Title 29, C.F.R. "Substantially limits" is defined in Section 1630.2(j)(1), Title 29, C.F.R. as follows:

"(i) Unable to perform a major life activity that the average person in the general population can perform; or

"(ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity."

In addition, Section 1630.2(j)(2), Title 29, C.F.R. provides several factors to consider in ascertaining whether an individual is substantially limited in a major life activity:

"(i) The nature and severity of the impairment;

"(ii) The duration or expected duration of the impairment; and

"(iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment."

Under R.C. 4112.01(A)(13), "handicap" is defined as a "physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of a physical or mental impairment; or being regarded as having a physical or mental impairment." Ohio courts have indicated that it is appropriate to look to analogous federal statutes and case law to aid in the interpretation of R.C. Chapter 4112. *Little Forest Med. Ctr. of Akron v. Ohio Civ. Rights Comm.* (1991), 61 Ohio St.3d

607, 609–610, 575 N.E.2d 1164, 1167; *Wooten v. Columbus, Div. of Water* (1993), 91 Ohio App.3d 326, 334, 632 N.E.2d 605, 610.

The trial court concluded that appellant failed to establish that he was disabled within the meaning of the ADA or R.C. 4112.01(A) and, consequently, that he failed to establish a prima facie case of disability/handicap discrimination. Appellant argues that he is disabled under the definition of both statutes because his back injury substantially limits his ability to engage in ordinary daily activities, such as sitting, driving for long periods of time, and lifting heavy objects. He asserts that he has had to change his daily activities, that he feels dull pain on a daily basis, that he has given up weightlifting, and that he cannot play with his five-year-old daughter the way he plays with his two-year-old son because he cannot lift her. Thus, appellant argues that, because of his back injury, he is unable to perform major life activities that the average person in the general population can perform. Appellee argues that appellant is not disabled because his back injury is minor, temporary, and does not substantially limit a major life activity.

Upon a review of the evidence viewed most favorably for appellant as required by Civ.R. 56(C), we agree with the trial court that appellant's back injury does not meet the definition of a disability under the ADA or a handicap under R.C. 4112.01(A)(13) because it does not amount to a substantial limitation on any major life activity. It is undisputed that appellant has suffered a physical impairment. He was diagnosed with a strain and sprain of the lumbrosacral area and the sacroiliac joints on the left side, and an MRI revealed that he has a herniated disk. This back injury caused him pain and resulted in physical limitations for appellant. He is restricted from lifting more than thirty to forty pounds and from sitting or standing for extended periods of time. Dr. Vargo explained that these restrictions are to prevent flare-ups of his back condition. Both Dr. Vargo and Dr. Martz agree that appellant's condition is degenerative and not likely to improve.

Appellant's back injury is a source of intermittent pain, but it is not severe enough to require surgery. Dr. Vargo indicated that many people have this type of back condition. However, appellant is capable of performing work that does not involve lifting over thirty pounds or twisting his back. Thus, considering the evidence presented and the factors under the Code of Federal Regulations, appellant's impairment does not rise to the level of a substantial limitation on a major life activity.

Federal courts considering impairments similar to appellant's have concluded that such restrictions do not constitute a substantial limitation of a major life activity. In *Kirkendall v. United Parcel Serv., Inc.* (W.D.N.Y.1997), 964 F.Supp. 106, the plaintiff brought an ADA claim alleging that his employer had failed to

accommodate his back injury. The plaintiff in *Kirkendall* suffered from degenerative disk disease, resulting in chronic pain, and the medical evidence indicated that his impairment was permanent. *Id.* at 110. He argued that he was substantially limited in major life activities because he was unable to lift his children or play with them, to engage in sports such as skiing, to sit without moving for more than three hours at a time, and to entertain his wife as before his impairment. *Id.* The court concluded that an "inability to lift items in excess of 30 pounds, to sit for periods longer than 3 hours at a time, and to engage in certain leisure activities" did not cause the plaintiff to be substantially limited in any major life activity. *Id.* at 111. Thus, the court concluded that the plaintiff was not disabled under the definition of the ADA. *Id.*.

Similarly, in *Coker v. Tampa Port Auth.* (M.D.Fla.1997), 962 F.Supp. 1462, the plaintiff suffered from lower back strain that was considered a permanent impairment. He could not walk for more than one or two miles, sit for more than one hour, pick up his daughter to play with her, engage in sports activities, or lift more than forty-five pounds. *Id.* at 1465–1466. The court held that lifting restrictions do not constitute a substantial limitation on a major life activity and that, while walking and sitting are major life activities, plaintiff failed to show that his back condition substantially limited these activities. *Id.* at 1467–1468. Thus, the court concluded that the plaintiff failed to show that he was disabled under the ADA.

In *Horth v. Gen. Dynamics Land Systems, Inc.* (M.D.Pa.1997), 960 F.Supp. 873, 878, the plaintiff sustained several work-related injuries, "including a right shoulder sprain, a rotator cuff tear, a lateral epicondylitis of the right elbow, and the temporary aggravation of a preexisting degenerative condition in both knees." The plaintiff was unable to sit or stand for more than two hours at a time without difficulty, had difficulty walking and walked with a limp, and had difficulty continually lifting objects over twenty pounds for a sustained period. *Id.* The court described the plaintiff's injuries as comparatively moderate restrictions and concluded that the inability to lift more than twenty pounds, to sit or stand more than two hours, or to walk without difficulty did not rise to the level of substantially limiting his major life activities. *Id.* at 879–880. Therefore, the court concluded that the plaintiff was not disabled under the ADA. *Id.* at 881.

Although appellant relies on this court's decision in *Wooten* as the basis of his argument that he is substantially limited in a major life activity, the situation of the plaintiff in *Wooten* is distinguishable. In *Wooten,* the plaintiff's impairments were a hearing loss and a hernia, and he could not lift more than twenty pounds, carry a bag of groceries, or even push a lawn mower. *Id.,* 91 Ohio App.3d at 331, 632 N.E.2d at 608. This court noted that "plaintiff's disability has imposed significant restrictions on his day-to-day activities." *Id.* However, the evidence

indicates that appellant's impairment is relatively minor compared to the plaintiff in *Wooten* in that he still is able to carry on his day-to-day activities, including his towing business, though he is limited in the length of time he is able to sit or stand and in the amount he can lift. Thus, appellant's impairment more closely resembles that of the plaintiffs in *Kirkendall, Coker,* and *Horth,* than the plaintiff in *Wooten.*

██ · Appellant failed to establish that he is substantially limited in a major life activity. Appellant made no argument before the trial court or on appeal that he has a record of an impairment under the definition of "disability" in the ADA, Section 12102(2)(B), Title 42, U.S.Code, or under the definition of "handicap" in R.C. 4112.01(A)(13). Failure to raise an issue before the trial court precludes its review on appeal. *State ex rel. Quarto Mining Co. v. Foreman* (1997), 79 Ohio St.3d 78, 81, 679 N.E.2d 706, 709, citing *Goldberg v. Indus. Comm.* (1936), 131 Ohio St. 399, 404, 6 O.O. 108, 110, 3 N.E.2d 364, 367. Additionally, appellant did not argue on appeal that appellee regarded him as having an impairment under the definition of "disability" in the ADA, Section 12102(2)(C), Title 42, U.S.Code, or under the definition of "handicap" in R.C. 4112.01(A)(13).

Moreover, our review of the evidence support's appellee's contention that appellee did not regard appellant as having an impairment. Consequently, appellant does not meet the definition of disabled under the ADA or handicapped under R.C. 4112.01(A)(13). Thus, appellant failed to establish a prima facie case of disability discrimination. Because appellant failed to make a prima facie case of disability discrimination, his argument that his discharge violated public policy also fails. Therefore, the trial court did not err by granting appellee's motion for summary judgment, and appellant's single assignment of error is overruled.

Based upon the foregoing reasons, appellant's single assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

DESHLER and PETREE, JJ., concur.