OPINION
{¶ 1} Appellant Oakmont Motors appeals the judgment of Columbiana County Common Pleas Court affirming the adjudicatory order of the Ohio Motor Vehicle Dealers Board ("Board"). The issue before this court is whether the common pleas court abused its discretion in upholding the Board's decision. For the reasons stated below, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} Thomas Dawson held an Ohio Vehicle Dealers license and operated the business known as Oakmont Motors located at 16670 St. Clair Ave., Columbiana County, Ohio. Oakmont Motors sold used cars. For a short period of time, at this location, Dawson and his brother lawfully operated a dual dealership. Dawson's brother owned and operated Eastern Homes, which sold motor homes. Dawson's brother closed Eastern Homes, and Dawson continued to operate Oakmont Motors on the property. Dawson's brother then opened an engineering business, Dallas Dawson and Associates, Civil Engineering and Surveying, in the space that was previously occupied by Eastern Homes.
 {¶ 3} On May 24, 1999, an inspector from the Board inspected Dawson's business. The inspector reported various violations. A notice of opportunity for hearing was sent certified mail to the home address of Dawson on June 13, 2000. That letter was unclaimed. The notice alleged violations of Ohio Adm. Code 4501:1-3-04 which deals with records maintenance and reasonable access to records by the registrar or his authorized agent. The notice also alleged several violations of Ohio Adm. Code 4501:1-3-08 which included the requirement that a dealership be separated from any other business or residence with a permanent physical barrier; that the lot consist of a hard surface; that the lot consist of at least 3,500 square feet; that the dealer must have an easily accessible office telephone in service and posted business hours; and that the business be attended by a licensed sales person.
 {¶ 4} A second inspection was conducted on September 2, 1999. Two other inspections occurred on September 12, 2001, and on October 4, 2001. The same violations were reported. Numerous attempts were made to notify Dawson of the violations. On November 2, 2001, an Amended Notice of Opportunity for Hearing letter was sent to Dawson at both his home address and dealership address. This letter outlined the violations. Dawson signed for this letter on November 5, 2001. Dawson was then contacted by letter to inform him that the charges set forth in the previous letter would be heard on December 6, 2001. The letter also informed Dawson that he had the right to be represented by counsel. Dawson chose to represent himself.
 {¶ 5} The hearing was held. On December 19, 2001, the Board issued an adjudicatory order. Dawson was found to have violated R.C. 4517.03(A) and (C), Ohio Adm. Code 4501:1-3-04 and 4501:1-3-08, R.C. 4517.12(A)(2) and (A)(9). The Board revoked Oakmont's license.
 {¶ 6} Dawson timely appealed to the Columbiana County Common Pleas Court. On May 1, 2002, the common pleas court affirmed the Board's order. Dawson timely appeals the common pleas court's decision.
 STANDARD OF REVIEW {¶ 7} In reviewing an order of an administrative agency, an appellate court's role is more limited than that of the common pleas court reviewing the same order. Lorain City School Dist. Bd. of Educ. v. StateEmp. Relations Bd. (1998), 40 Ohio St.3d 257, 260-261. It is the common pleas court's duty to examine the evidence. However, this is not the charge of the appellate court. Id. at 261. The appellate court is to determine only if the common pleas court has abused its discretion. Id. An abuse of discretion connotes that the decision was unreasonable, arbitrary, or unconscionable. Syphard v. Vrable (2001),141 Ohio App.3d 460, 463. Absent an abuse of discretion on the part of the common pleas court, an appellate court must affirm the common pleas court's judgment. Lorain, supra at 261.
 ASSIGNMENTS OF ERROR NOS. ONE AND TWO {¶ 8} "The trial court's decision to affirm the adjudicatory order is improper and against the evidence as presented in that the adjudicatory decision was based upon matters not properly before the board, and evidence and documents not properly submitted for consideration by the board."
 {¶ 9} "The decision of the trial court affirming the adjudicatory order was improper in that the findings of fact as set forth in paragraph 3 and 4 of the adjudication order that appellant violated Ohio Revised Code Section 4517.03(A) and (C) and Ohio Administrative Code Sections4501:1-3-04 AND 4501:1-3-08 is improper where as here there was no probative evidence properly before the board to substantiate said findings."
 {¶ 10} Dawson argues that the Board's determination that he violated sections of the Ohio Revised and Administrative Codes is not supported by the evidence. It is Dawson's contention that the common pleas court abused its discretion by finding the existence of some reliable, probative, and substantial evidence, thereby allowing it to affirm the Board's decision.
 {¶ 11} Dawson claims the May 24, 1999 inspection report was not properly admitted into evidence because it was hearsay. The only witness to testify about this report was Richard Ulinger, an investigator from the Ohio Bureau of Motor Vehicles. Ulinger was not the investigator who conducted the May 24, 1999 inspection. However, Ulinger did preform the September 2, 1999, and later inspections.
 {¶ 12} In an administrative hearing before the Board, the introduction of evidence is governed in general by the rules of evidence. Ohio Adm. Code 4501:1-3-21. While the May 24, 1999 inspection report is hearsay, Dawson did not object to Ulinger's testimony regarding this report or the admittance of the report into evidence. An objection to hearsay must be timely raised or it is waived. Amerifirst Sav. Bank ofXenia v. Krug (1999), 136 Ohio App.3d 468, 481. As such, this error is waived.
 {¶ 13} Regardless of whether this error was waived, Dawson admitted to a majority of the violations cited in the May 24, 1999 inspection report. Dawson testified at the hearing that another business, Dallas Dawson, Civil Engineering and Surveying, did for about a month occupy the same building as his business. (Tr. 21). Occupying a space with another business without separation violated Ohio Adm. Code4501:1-3-08(A). Furthermore, R.C. 4517.03(C) states that a dealership must be used exclusively for the purpose of selling, displaying, offering for sale, or dealing in motor vehicles. Dawson also testified that for a period of time the telephone at the dealership was disconnected. (Tr. 23). A motor vehicle dealer is required to have a telephone that is in service. Ohio Adm. Code 4501:1-3-08(A). There was also testimony that nearly every time an inspector went to the business there were no cars on the lot and the inspector could not view the records because no one was present at the dealership to open the office. (Tr. 21). Dawson admitted that if a potential customer drove past the lot on those occasions it would appear as if he had gone out of business. (Tr. 24). Dawson's testimony alone is an admission that he violated these sections of the Ohio Administrative and Ohio Revised Codes. Violations of R.C. 4517.02 to4517.45 or having failed to establish a business offering the sale of motor vehicles is grounds for revocation of a license. R.C. 4517.12(A)(2), (9). As such, the trial court did not abuse its discretion in affirming the Board's decision since sufficient reliable evidence supported the decision.
 {¶ 14} Dawson directs this court's attention to the fact that he had the authority to have a dual dealership with Eastern Homes. However, this fact is not determinative as to whether Dawson was operating his business with another business without separation. The inspectors were not citing Dawson because of the dual dealership with Eastern Homes, but rather because the engineering business was occupying space with the dealership. As stated above, R.C. 4517.03(C) requires that a dealership must be used exclusively for dealing in motor vehicles and Ohio Adm. Code4501:1-3-08 requires separation between businesses. Dawson testified that there was not any separation between the businesses during the month that Dallas Engineering was located in the same building as Oakmont Motors. (Tr. 21-22). As such, probative, reliable evidence exists to support the Board's decision. The common pleas court did not abuse its discretion.
 {¶ 15} Dawson also argues no evidence was presented proving his office and his car lot were not the size required by the Revised Code. He also states that he could not have been found in violation of not properly maintaining his records because the inspector never looked at the business records.
 {¶ 16} Ohio Adm. Code 4501:1-3-08(A) mandates that a car lot for a dealership must consist of no less than 3,500 square feet. This section also requires that the office space be at least 180 square feet of usable office area which shall include three chairs, a desk, and a filing cabinet. Ohio Adm. Code 4501:1-3-08(A). Dawson is correct that evidence was not presented to confirm that his office and car lot did not meet these requirements. However, as explained earlier, Dawson admitted other deficiencies which by statute are grounds for revocation of the license. R.C. 4517.12(A).
 {¶ 17} Regarding the business records, the Ohio Administrative Code states that records must be maintained and easily accessible. Ohio Adm. Code 4501:1-3-04. The business record shall also be open for reasonable inspection by the registrar. Ohio Adm. Code 4501:1-3-04. While it is true that there is no evidence that these records were not properly maintained, these records were not open for inspection. An inspector was out at the property at least on four occasions. (Tr. 14). Every time an inspector was present at the dealership, no one having the authority to allow the investigator to view the records was present. (Tr. 14). Therefore, it could be concluded that the records were not open for reasonable inspection. Regardless, as stated above, other grounds existed for the revocation of the license. As such, these assignments of error are without merit.
 ASSIGNMENT OF ERROR NO. THREE {¶ 18} "The trial court erred in affirming the adjudicatory order where the board failed to follow its hearing procedures which prevent appellant from having a full and unrestricted opportunity to present his case."
 {¶ 19} Dawson argues that the Board did not follow its hearing rules and procedures, thereby violating his due process rights. He argues he was not permitted to make an opening or closing statement. He states the admittance of the inspection report discussed under the first two assignments of error hindered his ability to examine witnesses against him. Dawson's arguments are misplaced.
 {¶ 20} Dawson was informed prior to the hearing that he had the right to be represented by an attorney. Dawson appeared pro se by his own choice. The hearing began with the Board informing Dawson of the hearing procedures. (Tr. 4). Then, the state proceeded to present its case. Neither party presented an opening statement. The state introduced the May 24, 1999 inspection report through the testimony of Ulinger. Then the state requested the admittance of the May 24, 1999 inspection report into evidence. Dawson did not object to its admittance. Thus, any alleged error in admitting the report is now waived. See Assignment of Error Nos. One and Two. Dawson was then given the opportunity to cross-examine inspector Ulinger. (Tr. 10, 11). Dawson declined to question Ulinger. (Tr. 11). Dawson then proceeded to present his case. Dawson's side of the case was really a conversation between himself and the Board. He was trying to explain his side of it and they were asking him questions. (Tr. 11-20). The state then cross-examined Dawson. (Tr. at 20-24). The Board then asked Dawson if he had anything else to say that was not covered. (Tr. 26). Dawson declined to say anything further. (Tr. 26). The hearing ended with the state giving a short closing argument. (Tr. 26-27).
 {¶ 21} It is true that during the hearing, Dawson was not directly asked to "cross-examine the witnesses" or to give a "closing argument." However, he was given the opportunity to question the inspector and at the end of his case to add anything he thought was important. Thus, Dawson indirectly had the opportunity to cross-examine the witness and give a closing statement. The Board is not required to lead a person acting as their own attorney through each stage of the hearing process, despite that person's possible unfamiliarity with the hearing process, any more than it is required to lead retained counsel through the hearing process. As we have previously held, the law and the rules of practice must equally apply to the most learned legal counsel, as well as the pro se litigant. State v. Farley (Dec. 21, 1999), 7th Dist. No. 95 CO 57. As such, civil pro se litigants are held to the same standards as litigants who retain counsel. Jancuk v. Jancuk (Nov. 24, 1997), 7th Dist. No. 94 C.A. 221; Nentwick v. Nentwick (Feb. 18, 1998), 7th Dist. No. 96-JE-27.
 {¶ 22} Accordingly, the common pleas court did not abuse its discretion by finding that Dawson's due process rights were not violated. This assignment of error lacks merit.
 ASSIGNMENT OF ERROR NO. FOUR {¶ 23} "The trial court erred in affirming the adjudicatory order in that the decision of the board was improper in that it failed to consider evidence that appellant was in compliance with all applicable statutes and rules and regulations relative to the operation of his business."
 {¶ 24} Dawson provided pictures at the hearing which he alleges prove that he was in compliance with all applicable statutes and administrative code sections on the day of the hearing. The Board argues that he may have been in compliance on the day of the hearing but that does not affect the prior violations.
 {¶ 25} We find the Board's argument persuasive. Compliance on the day of the hearing may go to mitigation but it does not affect the ability of the Board to find that there were previous violations. As such, given our limited standard of review, we cannot hold that the trial court abused its discretion by affirming the Board's finding. This assignment of error is without merit.
 ASSIGNMENTS OF ERROR NOS. FIVE AND SIX {¶ 26} "The trial court erred in affirming the adjudicatory order of the Ohio Motor Vehicle Dealers Board where as here said order was improper and contrary to law in that the decision was based upon alleged violations which had not been charged and for which appellant had not received notifications."
 {¶ 27} "The trial court erred in affirming the adjudication order which was issued improperly in that appellant was denied due process and an opportunity for fair hearing within a reasonable time of the alleged violations."
 {¶ 28} Dawson claims that the original and amended notice of opportunity for hearing alleged violations occurring on May 24, 1999, September 2, 1999, and October 4, 2001, but contained no reference to violations occurring on September 12, 2001. Dawson argues that since he was not notified of any violations concerning this date, the Board could not have found, without violating his due process rights, he violated any statutes on this date.
 {¶ 29} Dawson is correct that the original and amended notice of opportunity for hearing do not contain any reference to an inspection that occurred on September 12, 2001. However, the adjudicatory order found that:
 {¶ 30} "4. On or about September 12, 2001, the dealership appeared to have gone out of business. Business hours were not posted, the office was locked, and the office was not kept in a neat and orderly fashion, in violation of Ohio Revised Code Section 4517.03(C) and Ohio Administrative Code Section 4501:1-3-08."
 {¶ 31} Ohio Adm. Code 4501:1-3-14 mandates that the notice specify the alleged violation of the Revised Code or the rules of the Board and inform the licensee of his right to request an adjudicatory hearing. According to this rule, the Board followed its own mandates. Dawson was informed of the violations. The amended notice contained three inspection dates and the violations found on those dates which were also cited during the September 12, 2001, inspection. However, the September 12, 2001, inspection report contained one allegation that was not claimed during any of the other three inspection dates. This allegation was that the office was not kept in an orderly fashion. All other alleged violations were also cited during the other three inspections. The notice may have failed to inform Dawson of the September 12, 2001 inspection date, but he was informed of the violations occurring on this date, except for one. Ohio Admin. Code 4501:1-3-14. Furthermore, while it may have been error for the Board to find that Dawson did not keep his office in orderly fashion, Dawson was put on notice of the violations he admitted to committing. As stated above, these admitted violations were sufficient for the common pleas court to affirm the Board's decision. It was not an abuse of discretion for the common pleas court to hold that the hearing notices were sufficient to advise Dawson of the alleged violations against him. This argument is without merit.
 {¶ 32} Additionally, Dawson argues that the Board did not schedule a hearing on the alleged violations until 2½ years after the first alleged violations occurred. However, Dawson did not raise this issue to the Board. "Ordinarily, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed." State exrel. Quarto Mining Co. v. Foreman (1997), 79 Ohio St.3d 78, 81, quotingGoldberg v. Indus. Comm. (1936), 131 Ohio St. 399, 404. As such, Dawson waives this argument.
 {¶ 33} Assuming arguendo that we concluded Dawson did not waive this argument, he has failed to show he was prejudiced by any alleged delay. Smith v. State Med. Board of Ohio (July 19, 2001), 10th Dist. No. 00AP-1301. One of the inspection dates that he was informed of in the amended notice occurred only two months before the hearing. As such, this assignment of error is without merit.
 ASSIGNMENT OF ERROR NO. SEVEN {¶ 34} "The trial court erred in its finding that any admission of evidence in contravention to the rules of evidence was waived by the appellant where as here the admission of said evidence was plain error and was utilized by the board in its findings of fact which resulting in the adjudicatory order revoking appellant's dealer's license."
 {¶ 35} Dawson failed to properly raise the issue of plain error to the common pleas court. Dawson's brief to the common pleas court contained no arguments raising plain error. Dawson attempted to raise plain error in the reply brief. However, a reply brief is not to be used by an appellant to raise new assignments of error or issues for consideration; it is merely an opportunity to reply to the appellee's brief. See App.R. 16(C); Sheppard v. Mack (1980), 68 Ohio App.2d 95, 97;In re Songer (Oct. 3, 2001), 9th Dist. No. 01CA007841. Since plain error was raised for the first time in a reply brief, it was not appropriately before the reviewing court, which in this situation is the common pleas court. State v. Smith (Nov. 29, 2001), 8th Dist. No. 79292. Since the issue was not properly raised to the reviewing court, it is not properly before this court. State ex rel. Porter v. Cleveland Dept. of Pub.Safety (1998), 84 Ohio St.3d 258, 259 ("Ordinarily, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed." State ex rel. Quarto Mining Co. v. Foreman
(1997), 79 Ohio St.3d 78, 81, quoting Goldberg v. Indus. Comm. (1936),131 Ohio St. 399, 404).
 {¶ 36} However, in the interest of justice, we will address plain error. On appeal from a judgment entered in a civil case, "the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus. Admittance of the inspection report does not rise to the level of plain error. Furthermore, Dawson's testimony revealed violations of the Ohio Revised Code and the Ohio Administrative Code which authorized revocation of his license. This assignment of error is without merit.
 {¶ 37} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
Waite, P.J., and DeGenaro, J., concur.