DECISION AND JUDGMENT ENTRY JUDGMENT ENTRY
{¶ 1} Plaintiff-Appellants Gail Miller, executor of the estate of Betty Adkins, and Adam Julius Lee Jackson, by and through his natural Guardian, Michael Lee Jackson, appeal the decision of the Jackson county Court of Common Pleas, which granted summary judgment on appellants' negligence claims in favor of Defendants-Appellees the Jackson County Board of Commissioners, Brian McPherson (the Jackson County Engineer), and Kenneth Burton (an employee of the Jackson County Engineer's Department). Appellants assert that genuine issues of material fact exist as to the issues of negligence, proximate cause, and percentage of fault. Consequently, appellants conclude that the trial court erred by granting appellees summary judgment.
 {¶ 2} For the reasons that follow, we disagree with appellant and affirm the judgment of the trial court.
 Proceedings Below {¶ 3} On July 19, 2001, Kenneth Burton, an employee of the Jackson County Engineer's Department, was driving a road grader eastbound on U.S. Route 35 (a four-lane, divided highway). Burton was traveling in the right-hand lane at a low rate of speed (approximately 25 m.p.h.). The speed limit on the highway was 55 m.p.h. and no other county vehicle was accompanying the road grader that day. The rear end of the road grader, however, was equipped with a "slow-moving vehicle" sign and flashing red lights.
 {¶ 4} Betty Adkins and her son were also traveling eastbound on U.S. Route 35 that day. According to an eyewitness, Mark Denny, July 19, 2001, was a clear summer day, and he, too, was traveling eastbound on U.S. Route 35. Denny was traveling in the left-hand lane on a straight stretch of the highway when he noticed the road grader in the right-hand lane several hundred feet ahead of him. There were no obstructions hampering the view of the road grader. Denny also observed another vehicle (Betty Adkins' vehicle) in the right-hand lane approaching the road grader. Denny slowed his vehicle to allow the other vehicle to switch lanes and pass the road grader. As Denny and the other vehicle approached the road grader, Denny noticed that the other vehicle was not changing lanes or slowing down. Denny watched the other vehicle collide with the rear of the road grader, never applying its brakes or slowing down prior to impact.
 {¶ 5} Betty Adkins died at the scene from injuries sustained in the collision; her son Adam, however, was not seriously injured. Adkins' estate and her son, through his natural guardian (appellants herein), brought suit against the Jackson County Board of Commissioners, the Jackson County Engineer (Brian McPherson), and Burton. Appellants asserted that the county and its employees were negligent in several aspects regarding the accident, and that the accident resulted in Adkins' death and her son's emotional injuries. Specifically, appellants asserted that Burton was negligent in his operation of the road grader, that the county engineer was negligent by "failing to properly mark, identify, and make visible the road grader," and that the county failed to take proper precautions when transporting equipment between work sites on public highways.
 {¶ 6} Following discovery, appellees filed a motion for summary judgment. Appellee asserted that Adkins failed to maintain an assured clear distance in violation of R.C.4511.21(A) and was negligent per se when she collided into the backend of the road grader. In support of this assertion, appellees presented Denny's affidavit, which contained his description of the accident. Consequently, appellees concluded that reasonable minds could only conclude that Adkins was negligent per se by failing to maintain an assured clear distance between her vehicle and the road grader. Additionally, appellees asserted that Adkins' own negligence was the proximate cause of her injuries. Appellees relied on the deposition testimony of appellants' expert witness, Kenneth Agent, an engineering consultant, who testified in part that a reasonable person faced with the same scenario would have been able to observe the road grader and take some action to avoid a collision.
 {¶ 7} The trial court granted appellees summary judgment on all of appellants' claims.
 The Appeal {¶ 8} Appellants timely filed their notice of appeal and present the following assignment of error for our review: "The court erred in the granting of defendant/appellee's [sic] motion for summary judgment because there are material issues of fact present in this case and Defendant/Appellee was not entitled to judgment as a matter of law."
 Summary Judgment Standard of Review {¶ 9} We conduct a de novo review of a trial court's decision to grant summary judgment pursuant to Civ.R. 56. See Renner v.Derin Acquisition Corp. (1996), 111 Ohio App.3d 326,676 N.E.2d 151. The Supreme Court of Ohio has established the test to be employed when making a determination regarding a motion for summary judgment.
 {¶ 10} "Under Civ.R. 56, summary judgment is proper when `(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.'" (Citations omitted.) Welco Industries, Inc. v. AppliedCos., 67 Ohio St.3d 344, 346, 1993-Ohio-191, 617 N.E.2d 1129. Therefore, upon review, we give no deference to the judgment of the trial court. See Renner, supra.
 {¶ 11} Additionally, when a party to an action moves for summary judgment, the movant has the burden of showing that no genuine issue of material fact exists as to all essential elements of a claim, even those issues the opposing party would bear the burden of proving at trial. See Vahila v. Hall,77 Ohio St.3d 421, 1997-Ohio-259, 674 N.E.2d 1164. However, a nonmoving party may not rest upon the allegations set forth in its pleadings in response to a properly supported summary judgment motion. See State ex rel. Mayes v. Holman,76 Ohio St.3d 147, 1996-Ohio-420, 666 N.E.2d 1132. The nonmoving party must show that a genuine issue of material fact remains to be tried by pointing to specific facts in the record, either through affidavits or by other proper means. See id.
 II. The County's Alleged Negligence {¶ 12} Appellants do not contest appellees' assertion that Adkins was negligent per se in that she violated the assured-clear-distance provision of R.C. 4511.21(A). Rather, appellants assert that the county was also negligent by operating the road grader on the highway in the manner that it did. Consequently, appellant's assert that a jury should determine the percentage of fault for which each party was responsible.
 {¶ 13} Appellants assert that genuine issues of fact exist regarding appellees' alleged negligence. Specifically, appellants assert that the testimony of their expert witness creates several issues of fact that a jury should be permitted to determine. According to this witness: the road grader did not have proper markings for a slow-moving piece of equipment; the road grader should have been accompanied by an escort vehicle with a flashing arrow instructing other vehicles on the highway to pass the slower vehicle; the road grader should have been equipped with a flashing beacon light; the road grader's "slow-moving vehicle" sign was located too low on the vehicle and slanted downward, making it harder to see; the road grader should have been operated at least partially on the shoulder; and, an acceptable and appropriate alternate route was available for the road grader's use.
 {¶ 14} According to Agent, appellees had a duty to do all of the above and that their failure to do them was the proximate cause of the accident.
 {¶ 15} We agree with appellants that a jury could determine that the county should have done all of the preceding things. However, appellants have failed to establish that these alleged defects were a proximate cause of the accident. The uncontested evidence is that the road grader was readily discernible, that the collision took place on a straight portion of the highway, and that the road grader was a large and easily visible piece of equipment. Further, this accident took place on a clear and sunny, summer day. The Supreme Court of Ohio has held that, "An automobile, van, or truck stopped on a highway in a driver's path during daylight hours is, in the absence of extraordinary weather conditions, a reasonably discernible object as a mater of law."Smiddy v. Wedding Party, Inc. (1987), 30 Ohio St.3d 35,506 N.E.2d 212, paragraph two of the syllabus.
 {¶ 16} Consequently, as a matter of law, Adkins should have perceived the road grader on the road and taken appropriate action to avoid the collision. Appellants' own expert conceded as much in his deposition where he testified that Adkins had more than 1,000 feet to notice the road grader and take action to avoid striking it. According to appellants' own witness, a reasonable driver would have taken some action to avoid the collision, considering the 13.5 to 15 seconds it would have taken to close the distance between their vehicle and the road grader. Agent conceded that Adkins took no such actions.
 {¶ 17} Although appellants' witness testified that it was his opinion that the alleged defects were the proximate cause of the accident, this conclusion is based on the assumption that Adkins did not see the road grader traveling on the highway in her lane of travel. This assumption is not tenable under Ohio law. SeeSmiddy, supra.
 {¶ 18} Therefore, we overrule appellants' assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Harsha, J.: Concur in Judgment Only.