[Cite as *Citibank N.A. v. Fornal*, 2014-Ohio-3301.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Citibank (South Dakota) N.A., | : | |
| Plaintiff-Appellee, | : | No. 11AP-300 |
| | | (C.P.C. No. 10CV10-15716) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Kristin C. Fornal, aka Kristin C. Stahlman, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on July 29, 2014

*Javitch, Block & Rathbone*, *Melissa A. Hager* and *James Y. Oh*, for appellee.

*Kristin C. Fornal*, pro se.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} This is an appeal by defendant-appellant, Kristin C. Fornal, from an entry of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Citibank (South Dakota) ("Citibank"), in Citibank's action seeking recovery for alleged nonpayment due on a credit card account.

{¶ 2} On October 27, 2010, Citibank filed a complaint against appellant, alleging default on a credit card account in the amount of $25,614.99. On May 16, 2010, appellant filed an answer pro se. In her answer, appellant stated that she generally denies the allegations based on lack of information and belief. She further stated, however, that, due to financial hardships, she does not have sufficient funds to pay the "full amount of the *undisputed* debt, if any." (Emphasis added.) The answer details the efforts appellant

made to attempt to work out a plan to pay off the debt. Appellant states she is working with Legal Helpers Debt Resolution. The answer does not raise any defense or issue related to a validation notice or lack thereof. On February 2, 2011, Citibank filed a motion for summary judgment, including copies of credit card statements dating back to January 4, 2002. Appellant did not file a memorandum contra to Citibank's motion. By entry filed March 2, 2011, the trial court granted Citibank's motion and entered judgment in favor of Citibank for $25,614.99 plus interest at the statutory rate from the date of judgment plus court costs. Appellant filed an appeal, which was subsequently stayed by this court on September 26, 2011 due to appellant having filed a petition in bankruptcy. On April 17, 2014, this court vacated the stay of proceedings, and the appeal was submitted to this court for determination after the parties waived oral argument.

{¶ 3} On appeal, appellant sets forth the following assignment of error for this court's review:

> The trial court erred by ordering judgment for the plaintiff in the amount of $25,614.99 plus interest at the statutory rate from the date of judgment plus court costs against the appellant when the appellant is working with Legal Helpers Debt Resolution to repay the debt owed to the Plaintiff.

{¶ 4} We begin by noting that the brief appellant filed with this court does not comply with App.R. 16 in many respects, including that there is a lack of reference to the places in the record where any error is reflected (App.R. 16(A)(3)), there is no statement of the issues (App.R. 16(A)(4)), and the supporting argument does not clearly specify the contentions pertaining to the assignment of error (App.R. 16(A)(7)).

{¶ 5} The argument appellant makes to support her assignment of error is that Citibank did not comply with "FDIC Consumer Protection Laws, Title VIII-Debt collection Practices: Section 809" [sic] regarding validation of debts. (Appellants brief, 3.) She states that, without receiving a validation notice, she did not have an opportunity to discuss payment options with Citibank or its counsel.

{¶ 6} Appellant has not pointed us to any place in the record to show that she raised the issue of lack of a validation notice before the trial court. "A party who fails to raise an argument in the court below waives his or her right to raise it" on appeal. *State ex rel. Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278 (1993). *See also State ex rel. Ohio*

*Civ. Serv. Employees Assn., AFSCME, Loc. 11, AFL-CIO v. State Emp. Relations Bd.*, 104 Ohio St.3d 122, 2004-Ohio-6363, ¶ 10, citing *State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 81 (1997), quoting *Goldberg v. Indus. Comm.*, 131 Ohio St. 399, 404 (1936) (" 'Ordinarily, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed.' "). Because appellant did not raise this issue below, we conclude that she failed to preserve any alleged error regarding the lack of notice. Furthermore, pursuant to App.R. 12(A)(2), we are free to disregard appellant's assignment of error when it is not separately argued and does not comply with App.R. 16. *See* App.R. 12(A)(2). Appellant has not separately argued how the trial court erred by entering judgment while she is working with Legal Helpers Debt Resolution.

{¶ 7} Accordingly, we overrule appellant's assignment of error and decline to address the merits of the same.

*Judgment affirmed.*

KLATT and LUPER SCHUSTER, JJ., concur.

_____