**Tina GAYER, Plaintiff–Appellant,**

**v.**

**CONTINENTAL AIRLINES, INC., Defendant–Appellee.**

No. 00–3887.

United States Court of Appeals, Sixth Circuit.

Oct. 2, 2001.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

## OPINION

GILMAN, Circuit Judge.

This is an employment discrimination case brought by Tina Gayer against her former employer, Continental Airlines, Inc. Gayer alleges that Continental discriminated against her on the basis of her disability. The district court granted summary judgment in favor of Continental. For the reasons set forth below, we AFFIRM the judgment of the district court.

## I. BACKGROUND

Gayer began working at Continental as a part-time customer service agent in July of 1991. She strained her right shoulder in November of 1991 while lifting luggage. Gayer continued working at Continental and became a full-time airport sales agent (ASA) on February 7, 1994. Her particular ASA position involved staffing the main customer service desk, checking in customers, and processing customers' luggage. A number of customer-service positions at Continental are designated as ASA positions, and Continental requires that all persons employed in these positions be able to lift passenger luggage weighing up to 75 pounds. According to Continental, this lifting requirement exists because the individuals assigned to ASA positions must be able to rotate with other ASAs when required by operational needs.

At the recommendation of her physician, Gayer had arthroscopic surgery on her right shoulder on May 4, 1998, and remained out of work until June 18, 1998. Gayer returned to work with the medical restriction that she not lift or pull more

than five pounds. Based on this restriction, Continental determined that Gayer was not able to fulfill the essential functions of the ASA position. It therefore placed her on a 120–day transitional duty assignment. Transitional duty assignments are modified assignments that Continental gives to employees who are temporarily unable to perform the regular duties of their jobs because of injuries received while working. The maximum length of time that Continental allows for such assignments is 120 days.

On October 27, 1998, Continental sent Gayer a letter informing her that her transitional duty assignment was due to end on December 1, 1998. The letter notified Gayer that she was eligible to apply for other positions at Continental, including ones that accommodated her medical restrictions, and provided information about how to do so. Gayer applied for a Young Traveler's Club position on November 13, 1998, but was informed that the job was an ASA position for which she was not qualified because of the lifting requirement.

On December 16, 1998, Gayer's physician stated in writing that Gayer should not lift more than 40 pounds in any position. The physician later confirmed that Gayer's restriction was probably permanent. Continental concluded, based on this medical evaluation, that Gayer was unable to return to work as an ASA. After reaching this conclusion, Continental sent Gayer several letters and arranged meetings to discuss positions for which she was qualified.

In early 1999, Gayer applied for a non-ASA position in Hub Operations. That position, however, was filled by a candidate whom Continental determined was more

* The Honorable John R. Gibson, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

qualified. She never applied for any further job openings with Continental.

Gayer filed suit against Continental in the Court of Common Pleas of Cuyahoga County, Ohio on June 9, 1999. Her causes of action were based solely on Ohio law. Continental removed the case to federal court on the basis of diversity of citizenship. On June 20, 2000, the district court granted summary judgment in favor of Continental. This appeal followed.

## II. ANALYSIS

### A. Standard of review

We review de novo the district court's grant of summary judgment. *See, e.g., Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The judge is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue for trial exists only when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

### B. Disability discrimination claim

█ Gayer alleges disability discrimination under the Ohio anti-discrimination statute, Ohio Revised Code chapter 4112. "To establish a prima facie claim of handicap discrimination under [Ohio Rev.Code § ] 4112.02(A), the person seeking relief must establish that he or she 1) was handicapped 2) suffered adverse employment action, at least in part, because of the handicap and 3) could safely and substantially perform the essential functions of the job in question." *Miller v. Premier Indus. Corp.,* 136 Ohio App.3d 662, 737 N.E.2d 594, 599 (Ohio Ct.App.2000) (citations omitted).

Disability discrimination, according to the Ohio statute, includes discrimination on the basis of either "a physical or mental impairment that substantially limits one or more major life activities" or "being regarded as having a physical or mental impairment." Ohio Rev.Code § 4112.01(A)(13). The Ohio statute was modeled after the federal Americans with Disabilities Act (ADA), and Ohio courts look to the ADA and its interpretation by federal courts for guidance in interpreting the Ohio statute. *City of Columbus Civil Serv. Comm'n v. McGlone,* 82 Ohio St.3d 569, 697 N.E.2d 204, 206–07 (Ohio 1998) ("We can look to regulations and cases interpreting the federal [ADA] for guidance in our interpretation of Ohio law.").

█ Gayer argues that she falls under the protection of the Ohio handicap discrimination statute because Continental regarded her as being disabled. She points out that Continental's refusal to employ her as an ASA was based upon her inability to lift over 40 pounds. According to Gayer, this action constitutes evidence that Continental regarded her as being disabled. We disagree. For "a covered entity [to] entertain misperceptions about the individual–it must either believe that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting." *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 489, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999) (holding that the plaintiffs, who

were nearsighted job applicants with fully correctable vision, failed to state a claim that the airline regarded them as disabled in violation of the ADA). But Gayer has not demonstrated that Continental is under either misperception.

■ First, there is no evidence that Continental believed that Gayer had a substantially limiting impairment that she in fact did not have. Continental did believe that Gayer could not lift over 40 pounds, but Gayer does not dispute this fact. The inability to lift over 40 pounds, however, is not, in and of itself, a disability. Indeed, "[f]ederal case law supports that a maximum weight restriction is not a disability as defined by the ADA." *Law v. City of Scottsdale*, No. 98–6335, 2000 WL 799742, at *4 (6th Cir. June 15, 2000) (unpublished table decision) (holding that the plaintiff, who was under a 40–pound lifting restriction, was not disabled as defined by the ADA, and listing five cases from various circuits, including our own, in which courts have held that weight restrictions alone do not render a plaintiff disabled); *see also McKay v. Toyota Motor Mfg. U.S.A., Inc.*, 110 F.3d 369, 373 (6th Cir.1997) (holding that the plaintiff's inability to engage in "frequent lifting of more than ten pounds ... would not significantly restrict her ability to perform a broad range of jobs in various classes"). Ohio courts have also held that lifting restrictions by themselves do not constitute handicaps. *Sadinsky v. EBCO Mfg. Co.*, 134 Ohio App.3d 54, 730 N.E.2d 395, 398–99 (Ohio Ct.App.1999) (holding that an employee's inability to lift more than 30 to 40 pounds did not "substantially limit[ ] his ability to engage in ordinary daily activities").

Nor did Gayer show that Continental believed that she had a substantially limiting impairment that was, in fact, not so limiting. The only type of position that Continental regarded Gayer as incapable of holding was the ASA position, for which an individual was required to be able to lift up to 75 pounds so that he or she could substitute for other ASA assignments as required by operational needs. But "an employer does not necessarily regard an employee as handicapped simply by finding the employee to be incapable of satisfying the singular demands of a particular job." *Kocsis v. Multi–Care Mgmt., Inc.*, 97 F.3d 876, 885 (6th Cir.1996) (citation and internal quotation marks omitted). Instead, the employee must be incapable of, or be regarded as incapable of, "perform[ing] either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. § 1630.2(j)(3)(i).

In the present case, Continental presented testimony that there were many other jobs at Continental for which Gayer was qualified despite her lifting restriction, including various administrative and clerical positions that become available "on a routine basis." Continental also sent letters and arranged meetings to inform Gayer about how to apply for such positions. Gayer, in turn, applied for only two jobs. One was the Young Traveler's Club position, an ASA position with the 75–pound lifting requirement, and the other was the Hub Operations Agent position, for which she was not selected because Continental determined that another candidate was more qualified. Consequently, Gayer has not demonstrated that Continental regarded her as disabled.

Although Gayer alleges that a number of ASA agents were incapable of lifting 75 pounds, she was unable to cite any specific support in the record for this assertion. This issue need not be resolved, however, because Gayer's argument is in effect a challenge to Continental's articulated reason for not reinstating her to an ASA

position. In effect, she is claiming that Continental's 75–pound requirement is a pretext to mask discrimination. But because Gayer is not disabled or considered by Continental to be disabled (for the reasons stated above), she has failed to make out her prima facie case. We thus have no need to reach the issue of whether Continental's requirement was pretextual.

## III. CONCLUSION

For all the reasons set forth above, we AFFIRM the judgment of the district court.