{¶ 33} I concur with the result reached by the majority. I disagree, however, with the majority's conclusion that R.C.4112.01(A)(13), which defines disability, "does not require all physical or mental impairments to substantially limit a major life activity before qualifying as disabilities, nor does it require that an employer regard an impairment as limiting a major life activity."
 {¶ 34} The majority relies on the case of Columbus v.McGlone (1998), 82 Ohio St.3d 569, for this conclusion. InMcGlone, a firefighter recruit applied for a job with the City of Columbus. When he failed the vision portion of his medical examination, the City removed him from its eligibility list. He then filed a charge with the Ohio Civil Rights Commission, alleging that the City had discriminated against him because it perceived him to be handicapped. The Ohio Supreme Court concluded, however, that he was neither handicapped nor perceived to be handicapped.
 {¶ 35} The court first noted that under the version of the statute applicable at the time of the incident, "handicap" was defined as "a medically diagnosable, abnormal condition which is expected to continue for a considerable length of time, whether correctable or uncorrectable by good medical practice, which can reasonably be expected to limit the person's functional ability * * *." The court then stated:
 {¶ 36} "The federal American with Disabilities Act (ADA) is similar to the Ohio handicap discrimination law. It defines a disability as a `physical or mental impairment that substantially limits one or more of the major life activities of [an] individual.' Section 12102(2)(A), Title 42, U.S. Code. We can look to regulations and cases interpreting the federal Act for guidance in our interpretation of Ohio law."
 {¶ 37} The court then noted that 29 C.F.R. § 1630.2(j)(3) discusses what factors a court should consider in determining whether an individual is substantially limited in a major life activity. With respect to the major life activity of working, the regulations interpret a substantial limit on occupational activity as a limit that restricts the ability to perform either a class, or a broad range, of jobs. In finding the field of firefighting jobs too narrow to constitute a "class of jobs," the court explained that the plaintiff was disqualified from only one position, the position of firefighter, and not from a range of positions. The court concluded that the inability to perform a single job does not present "a significantly increased hardship to a person's everyday routine living and working." Id. at 573.
 {¶ 38} The court then noted that the version of R.C.4112.01(A)(13) in effect at the time also did not include any language about being "regarded as handicapped." The court found, however, that although the "regarded" language was not part of the statute, the pertinent Administrative Code section in effect at the time, Ohio Adm. Code 4112-5-02(H), included in its definition of "handicapped person" "any person who is regarded as handicapped by a respondent." The court found that it was therefore appropriate to consider whether the City discriminated against the recruit on the basis of a perceived handicap. The court concluded that the City did not perceive the plaintiff to be handicapped but nearsighted, and thus merely lacking a single physical requirement for a particular job, not a condition that foreclosed him from a class of jobs. Accordingly, the court reversed the judgment of the court of appeals that had upheld the finding of job discrimination by the Ohio Civil Rights Commission.
 {¶ 39} Contrary to the majority's assertion, I find no implicit recognition by the court in McGlone that Ohio's handicap discrimination statute "might not be" consistent with federal law.
 {¶ 40} Rather, even though Ohio's definition of "handicap" did not require that the physical or mental impairment substantially limit a major life activity, the McGlone court looked to the federal Americans with Disabilities Acts ("ADA") for guidance, and determined that, pursuant to the ADA, a disability or handicap is a "physical or mental impairment thatsubstantially limits one or more of the major life activities
of an individual." (Emphasis added). The court then concluded that the firefighter was not handicapped because he was not substantially limited in the major life activity of working, nor perceived to be substantially limited in his ability to work. Thus, it is apparent that the court grafted the "substantially limits" requirement into the Ohio statute, even though it was not a part of Ohio's statute at that time. Accordingly, the majority's conclusion that the substantially limiting language is not applicable to two of the three definitions of disability under R.C. 4112.01(A)(13) because the definitions do not specifically reference that requirement is not consistent withMcGlone. Likewise, the majority's conclusion that guidance from federal cases in the area of handicap discrimination law is "relevant only to the extent that Ohio statutes and federal statutes use the same definitions" is also not consistent withMcGlone.[21]
 {¶ 41} In fact, Ohio state and federal courts have regularly acknowledged that "the essential elements of a claim under the ADA and the Ohio handicap discrimination statute are the same. Therefore, the case law regarding claims brought under the ADA applies equally to claims brought under the Ohio statute." SeeWohler v. Toledo Stamping Mfg. Co. (C.A. 6, 1997), No. 96-4187, fn.5, and cases cited therein. See, also, Swanson v.Univ. of Cincinnati (C.A. 6, 2001), 268 F.3d 307; Plant v.Morton International, Inc. (C.A. 6, 2000), 212 F.3d 929;Fitzmaurice v. Great Lakes Computer Corp., 155 Ohio App.3d 724,2004-Ohio-235; Wiegerig v. The Timken Co. (2001),144 Ohio App.3d 664; Bush v. Dictaphone Corp., Franklin Cty. App. No. 00AP-1117, 2003-Ohio-883.
 {¶ 42} Under the ADA, and therefore under Ohio law, for someone to be regarded as disabled:
 {¶ 43} "[a covered entity] must either believe that one has asubstantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting." Gayer v. ContinentalAirlines, Inc. (C.A. 6, 2001), 21 Fed.Appx. 347, 349, citingSutton v. United Air Lines, Inc. (1999), 527 U.S. 471 (emphasis added); see, also, McIntosh v. Stanley-Bostitch, Inc.
(S.D.Ohio, 2000), 82 F. Supp.2d 775, 784, and cases cited therein (plaintiff must show that the perceived impairment is a substantial limitation on a major life activity; defendant must regard the impairment as substantially limiting).
 {¶ 44} Nevertheless, the majority concludes that McGlone
somehow altered this standard. Significantly, however, in the five years since McGlone was decided, no other Ohio case or federal case interpreting Ohio law has reached the same conclusion as the majority does in this case. In fact, cases decided after McGlone expressly find that to be considered a disability, under any of the definitions set forth in R.C.4112.01(A)(13), the disability must "substantially limit" a major life activity. See, e.g, Fitzmaurice, supra (plaintiff who failed to demonstrate that multiple sclerosis substantially limited any major life activity held to be not handicapped even though R.C. 4112.01(A)(16) lists multiple sclerosis as a physical impairment); Bush, supra (plaintiff regarded as handicapped when has an impairment that does not substantially limit major life activities, but is treated by employer as having such a limitation; or has an impairment that substantially limits major life activities only as a result of the attitudes of others toward the impairment; or has no impairment but is treated by employer as having a substantially limiting impairment);Yamamoto v. Midwest Screw Products, Lake Cty. App. No. 2000-L-200, 2002-Ohio-3362 ("In order to establish a record of impairment, appellant must establish that he has a history of long-term or permanent disability * * *. The disability must meet the statutory definition of being a substantial limitation on one or more major life activities."); Markham v. Jorgensen Co.
(2000), 138 Ohio App.3d 484 ("appellant's burden is to establish that [his employer] regarded him as substantially limited in his ability to perform such fundamental and routine tasks as are necessary to exist in everyday life"); Rauhuff v. American FanCo. (June 21, 1999), Butler App. No. CA98-09-188 (employer did not regard employee as handicapped where there was no evidence that employer perceived injuries as substantially limiting employee's ability to perform a major life activity); Swanson v.Univ. of Cincinnati (2001), 268 F.3d 307 (hospital did not regard employee physician as handicapped where it did not believe he was substantially limited in his ability to work as a physician); Gayer, supra; McIntosh, supra.
 {¶ 45} Thus, the majority's assertion that appellant satisfied one of the alternative definitions of disability simply because she had cancer is wrong. As the Ohio Supreme Court held in McGlone, a person can have a disability without being handicapped pursuant to the statute.[22] As this court explained in Fitzmaurice, supra:
 {¶ 46} "A physical impairment, standing alone, does not necessarily constitute a disability * * *." In fact, `a physical impairment may affect an individual's life without becoming disabling.' To be disabled under the statute, [the plaintiff] must demonstrate that her impairment `substantially limits' one or more of her major life activities." (Citations omitted.) See, also, Yamamoto, supra.
 {¶ 47} Under any of the three prongs of the definition of "disability" set forth in R.C. 4112.01(A)(13), the plaintiff must demonstrate that the physical or mental impairment substantially affects a major life activity. Accordingly, the trial judge in this case properly granted summary judgment because appellant did not demonstrate that her cancer substantially limited her ability to perform such fundamental and routine tasks as are necessary to exist in everyday life or that MetroHealth regarded her as having such a disability.
[21] The Americans with Disabilities Act,42 U.S.C.S. § 12102(2) defines disability as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment," while R.C. 4112.01(A)(13) defines disability as: "a physical or mental impairment that substantially limits one or more major life activities * * *; a record of a physical or mental impairment; or being regarded as having a physical or mental impairment." (Emphasis added.)
[22] Indeed, the question presented in McClone was "whether a person can be foreclosed from a particular job based upon a physical impairment without at the same time being handicapped,or perceived as handicapped, under * * * R.C. 4112.01(A)(13), andtherefore due the protections of the Ohio Civil Rights Act."
(Emphasis added.)