OPINION *Page 2 
{¶ 1} Plaintiff-appellant Beth Kredel appeals the decision of the Mahoning County Common Pleas Court granting summary judgment for defendant-appellee Austinwoods. The issue presented in this appeal is whether there is a genuine issue of material fact that Kredel's back injury qualifies as a disability under R.C. Chapter 4112 and the Americans with Disability Act (ADA). For the reasons expressed below, the judgment of the trial court is affirmed.
 STATEMENT OF CASE {¶ 2} Kredel injured her back in 1985; "she had a 4-5 laminectomy and is diagnosed with 722.52 degen. lum. disc 3,4,5721.3; lumbosacral spondylo. 1,3,4.5847.2, lumbar sprain 722.10 and lumbar disc displ L4,5." (Kredel's Response in Opposition to Summary Judgment). Austinwoods hired Kredel as a full time registered nurse in August 2004 with full knowledge of Kredel's back condition and assigned her to the MDS nursing position, which was basically an office job with light nursing duties. Kredel sprained her ankle at home in December 2003, and took FMLA leave. Upon returning to work in February 2004, she was not reassigned to the MDS nursing position. In early spring 2004, Kredel changed her full time status to per diem (on-call). (Kredel Depo. 27, 66; Kredel Affidavit). While on per diem status, she was scheduled to work as a floor nurse. She informed the scheduler that she could not work as a floor nurse due to her back condition. Austinwoods did not call or schedule Kredel to work anytime after March 2005.
 {¶ 3} As a result of the above, on June 28, 2005, Kredel filed a complaint against Austinwoods alleging disability discrimination, public policy violation and breach of implied contract. Following discovery Austinwoods filed a motion for summary judgment that Kredel opposed. The motions were heard by a magistrate on September 20, 2007. The magistrate granted summary judgment in favor of Austinwoods in which he concluded:
 {¶ 4} "Construing the evidence in a light most favorable to the Plaintiff, reasonable minds can come to but one conclusion that: (1) Plaintiff did not exhaust all *Page 3 
administrative remedies; (2) Plaintiff cannot establish substantial impairment qualifying her for protection under the law; and (3) Plaintiff cannot establish an implied contract of employment." 09/25/07 J.E.
 {¶ 5} Kredel did not file any objections to that decision. On December 31, 2007, the trial court, reiterating the magistrate's reasoning, granted summary judgment for Austinwoods. Kredel appeals that decision finding fault with the trial court's ruling on her disability discrimination claim; she does not argue that the grant of summary judgment on her other two claims was erroneous. Accordingly, this appeal deals solely with the grant of summary judgment on her disability discrimination claim.
 ASSIGNMENT OF ERROR {¶ 6} "THE TRIAL COURT ERRED IN HOLDING THAT APPELLANT DID NOT HAVE A QUALIFYING DISABILITY IN ITS SUMMARY JUDGMENT RULING."
 {¶ 7} In reviewing an award of summary judgment, appellate courts must apply a de novo standard of review. Cole v. American Industries Resources Corp. (1998), 128 Ohio App.3d 546, 552. Thus, we apply the same test as the trial court in determining whether summary judgment was proper. Civ. R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. State ex rel. Parsons v. Flemming, 68 Ohio St.3d 509,511, 1994-Ohio-172.
 {¶ 8} Kredel's claim for disability discrimination was brought under both R.C. Chapter 4112 and the Americans with Disabilities Act (ADA). R.C. 4112.02 was modeled after the ADA. Thus, in determining whether Kredel's allegation establishes disability discrimination, we can look to federal case law and regulations interpreting the ADA for guidance.Columbus Civ. Serv. Comm. v. McGlone (1998), 82 Ohio St.3d 569.
 {¶ 9} In order to establish a prima facia case of disability discrimination under R.C. Chapter 4112 or the ADA, Kredel must demonstrate, among other things, that she has a qualifying disability.McGlone (1998), 82 Ohio St.3d 569, 571; Monette v. Electronic Data Sys.Corp. (C.A.6, 1996), 90 F.3d 1173, 1178. *Page 4 
 {¶ 10} Disability is defined as:
 {¶ 11} "A physical or mental impairment that substantially limits one or more major life activities, including the function of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working". R.C. 4112.01 (A)(13). See, also, Section 1630.2(g)(1), Title 29, C.F.R.
 {¶ 12} This definition can be dissected into three elements: 1) a physical impairment that, 2) substantially limits, 3) one or more major life activities.
 {¶ 13} Here, it is not disputed that Kredel's back condition is a physical impairment. Thus, that element is met.
 {¶ 14} Likewise, the affecting one or more major life activities element is also met. Evidence shows that her condition prevents her from consistently lifting more than 20 or 25 pounds and from consistently pushing more than 60 pounds. (Kredel Depo. 75-76, Kredel Afft. ¶ 4). It also prevents her from doing anything for an extended period of time, such as walking, standing, or sitting without a break. (Kredel Afft. ¶ 4). Courts have found that walking, standing, sitting and lifting are major life activities. Dunaway v. Ford Motor Co. (C.A.6, 2005), 134 Fed.Appx. 872, 877; Dupre v. Charter Behavioral Health Systems ofLafayette Inc., (C.A.5, 2001), 242 F.3d 610, 614; Colwell v. SufflokCty. Police Dept. (C.A.2, 1998), 158 F.3d 635, 643-644. Since pushing is similar to lifting, we consider it to be a major life activity.
 {¶ 15} This leaves us with the "substantially limits" element of the test. R.C. Chapter 4112 does not define "substantially limits," however, the Code of Federal Regulations does. It states:
 {¶ 16} "Substantially limits —
 {¶ 17} "(1) The term substantially limits means:
 {¶ 18} "(i) Unable to perform a major life activity that the average person in the general population can perform; or
 {¶ 19} "(ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity. *Page 5 
 {¶ 20} "(2) The following factors should be considered in determining whether an individual is substantially limited in a major life activity:
 {¶ 21} "(i) The nature and severity of the impairment;
 {¶ 22} "(ii) The duration or expected duration of the impairment; and
 {¶ 23} "(iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." Section 1630.2(j), Title 29, C.F.R.
 {¶ 24} The United States Supreme Court has explained that the term "substantially limits" must be "interpreted strictly to create a demanding standard for qualifying as disabled" under the ADA. ToyotaMotor Mfg., Kentucky, Inc. v. Williams (2002), 534 U.S. 184. Thus, an impairment that only moderately or intermittently prevents an individual from performing major life activities is not a substantial limitation under the ADA. Dunaway, 134 Fed.Appx. at 877, citing Mahon v.Crowell (C.A.6, 2002), 295 F.3d 585.
 {¶ 25} Kredel argues that her deposition and affidavit establish that her major life activities of lifting, pushing, walking, sitting, and standing are substantially limited by her back condition. The analysis will start with her major life activities of sitting, standing and walking. In her deposition she states that she can sit, walk and stand. (Kredel Depo. 74). She qualifies this by adding that she cannot perform these activities for more than "two, three hours." (Kredel Depo. 75). Her affidavit, however, states that she cannot do any of those activities for an extended period of time. (Kredel Afft. ¶ 4). She then attests that per her "Ortho Surgeon" she cannot stand or sit for more than one hour without a break. (Kredel Afft. ¶ 6).
 {¶ 26} These statements clearly supply different answers for the duration of these acts. The Ohio Supreme Court has held that an affidavit of a party opposing summary judgment that contradicts former deposition testimony of that party may not, without sufficient explanation, create a genuine issue of material fact to defeat a motion for summary judgment. Byrd v. Smith, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 28. However, there is a difference between statements that supplement and statements that are inconsistent. Id. at ¶ 26. *Page 6 
 {¶ 27} Regardless of whether we read her statements to be inconsistent or supplementary, this court finds no merit with her argument. Whether it is one hour, or two or three hours that she can walk, sit or stand without a break, it does not qualify as substantially limiting.Dupre, 242 F.3d at 614 ("ability to sit or stand in one place for up to one hour at a time before having to walk around makes clear that the "condition, manner, or duration" under which she was able to sit or stand was not significantly restricted as compared with the average person"); Colwell, 158 F.3d at 645 (police officer's inability to sit, stand or walk for extended period was not substantially limiting as compared to the average person).
 {¶ 28} Similarly, Kredel's arguments concerning lifting restrictions also fail. In her deposition, she attests that she can only lift 25 pounds on a consistent basis. (Kredel Depo. 75-76). Her deposition seems to imply that on an occasional basis she can lift more than 25 pounds. However, in her affidavit she states that she cannot lift more than 20 pounds. (Kredel Afft. ¶ 4). Thus, her deposition statements differ from her affidavit statements.
 {¶ 29} Akin to the earlier analysis, regardless of whether or not we view these statements as inconsistent or supplementary, her arguments still fail. A lifting restriction in and of itself does not constitute a disability under the ADA. Parrot v. A.R.E., Inc., 5th Dist. No. 2006CA00005, 2006-Ohio-4527, ¶ 46, citing McKay v. Toyota Motor Mfg.,USA, Inc. (C.A.6, 1997), 110 F.3d 369, (holding that the plaintiff's weight lifting restrictions due to carpal tunnel syndrome are not a disability under the ADA where there was no evidence that the condition restricted the plaintiff from performing a broad class of jobs or any other major life activity); Gayer v. Continental Airlines, Inc. (C.A.6, 2001), 21 Fed.Appx. 347, 350 (holding that the plaintiff's inability to lift over 40 pounds did not, alone, render her disabled). See, also,Vass v. The Reister Thesmacher Co. (N.D.Ohio 2000), 79 F.Supp.2d 853,861. The Tenth Appellate District has found that a weight restriction of 30-40 pounds as the result of having a herniated disk does not constitute a substantial limitation on a major life activity.Sadinsky v. EBCO Mfg. Co. (1999), 134 Ohio App.3d 54. Also, the Eleventh Appellate District has found that an appellant was not disabled because he was not substantially limited by a 20-pound weight restriction after he sustained a herniated disk. Yamamoto *Page 7 v. Midwest Screw Products, 11th Dist. No. 2000-L-200, 2002-Ohio-3362, ¶ 26-29. Moreover, one federal district court has held that a ten pound lifting restriction for a nurse was not substantially limiting.Gordon v. MCG Health, Inc. (S.D.Ga. 2003), 301 F.Supp.2d 1333, 1340-1341. Consequently, given the law, Kredel's lifting restriction does not substantially limit her major life activity of lifting.
 {¶ 30} Likewise, Kredel's argument that her inability to push more than 60 pounds is substantially limiting is also meritless. In her deposition, Kredel asserted that she can push up to 60 pounds consistently, but occasionally she can push heavier objects. (Kredel Depo. 76). If a lifting restriction of 20 pounds is not substantially limiting, neither is a pushing restriction of 60 pounds.
 {¶ 31} Furthermore, even when all of her restrictions are viewed simultaneously, they still do not amount to substantially limiting. In her deposition, Kredel admitted that she is able to walk, stand, and work, care for her personal hygiene and perform manual tasks. (Kredel Depo. 74). She further acknowledged that she can push her son, who weighs approximately 50 pounds, in his wheelchair. (Kredel Depo. 75). This assignment of error is without merit.
 {¶ 32} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
DeGenaro, P.J., concurs.
 Donofrio, J., concurs. *Page 1