[Cite as *Barreca v. Travco Behavioral Health, Inc.*, 2014-Ohio-3280.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| KATHLEEN A. BARRECA, MSEd, LPC, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2013-T-0116** |
| TRAVCO BEHAVIORAL HEALTH, INC., et al., | : | |
| | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2011 CV 02512.

Judgment: Affirmed.

*James R. Wise*, P.O. Box 3388, Boardman, OH 44513 (For Plaintiff-Appellant).

*James E. Roberts* and *Robert J. Herberger*, Roth, Blair, Roberts, Strasfield & Lodge, 100 East Federal Street, Suite 600, Youngstown, OH 44503 (For Defendant-Appellee).

THOMAS R. WRIGHT, J.

{¶1} This appeal is from a final order of the Trumbull County Court of Common Pleas, granting summary judgment in favor of appellee, Travco Behavioral Health, Inc. Appellant, Kathleen A. Barreca, contends that summary judgment should have been denied on her disability discrimination claim because there is a factual dispute as to whether she was terminated as a result of having multiple sclerosis. For the following reasons, the trial court did not err in holding that appellant failed to present any

evidence establishing that she qualifies as "disabled" under Ohio law or that appellee's decision to not hire or terminate her was specifically due to her multiple sclerosis.

{¶2} Appellee provides counseling for addiction and mental health problems. Specifically, appellee hires psychological counselors who are placed with other health care entities in a two-county region. One such entity is the Trumbull Memorial Hospital, a facility owned by Youngstown Ohio Hospital Company, LLC. Beginning in 2011, appellee has had a contract with Trumbull Memorial to provide two counselors for emergency room crisis intervention screening.

{¶3} In late January 2011, appellant submitted a resume to appellee for the position of "crisis" counselor at Trumbull Memorial. After an initial telephonic interview, appellant was interviewed at the main corporate office by two of appellee's employees, Cindy Kruzel-O'Keefe and Nicki Villela. At the close of the second interview, appellant was given a list of documents that she had to provide in order to complete her employee file.[1] One of these documents was a physical exam form, which had to be completed by her primary physician.

{¶4} Approximately one month later, appellant submitted her finished physical exam form to Nicki Villela. In the section requesting a list of appellant's current health problems, her submitted form stated: "Multiple Sclerosis / No Limitations." That appellant had multiple sclerosis was never discussed in her two interviews.

{¶5} Appellant was originally diagnosed with multiple sclerosis in 1983. Since the late 1980's, she has received monthly payments from the federal government. However, appellant has not been hospitalized for this condition since 1991.

---

1. The record indicates that appellee used the term "employee file" in lieu of the term "application."

Furthermore, her present diagnosis for the disease is secondary progressive, meaning that her symptoms are unlikely to become worse in the future.

{¶6} Appellant has to deal with many symptoms of multiple sclerosis daily. For example, at the relevant time, she was taking Ritalin to fight fatigue. Yet, the disease has not affected her ability to drive or walk. In this regard, her submitted physical exam form did not state that she has been rendered "disabled" by the disease.

{¶7} On March 7, 2011, appellant went to the Trumbull Memorial Hospital and "shadowed" Nicki Villela throughout her entire shift. A factual dispute exists concerning whether appellant did this voluntarily, or whether she was instructed by an authorized employee to report for work at the hospital.[2] During the course of the shift, appellant gave Villela or another employee copies of some of the documents needed to complete her employee file.

{¶8} The following day, Harriet Perantinides, who supervised appellee's employees at Trumbull Memorial Hospital, contacted appellant and informed her that she should not attempt to report to work at the hospital because she had not submitted all necessary documents to be officially hired. Perantinides also indicated that appellant's employee file would not be considered complete until she submitted a mental competency letter from an appropriate physician. Although appellant later tried to satisfy these requirements, no representative of appellee contacted her and officially offered her the position at the hospital. As a result, she never executed an employment contract with appellee.

{¶9} After pursuing a claim before the Ohio Civil Rights Commission, appellant

---

2. The resolution of this particular dispute is irrelevant to the proper disposition of this appeal.

instituted this action in November 2011. Initially, she named both appellee and Youngstown Ohio Hospital Company as defendants, but voluntarily dismissed the latter company at the close of discovery. In her amended complaint, appellant asserted claims for disability discrimination and intentional infliction of emotional distress.

{¶10} In July 2013, appellee moved for summary judgment on both claims. As to the disability discrimination claim, appellee primarily argued that appellant could not establish a prima facie case because multiple sclerosis had not rendered her "disabled" under R.C. 4112.01(A)(13) and 4112.02(A). According to appellee, she could not present any evidence demonstrating that the disease had caused a physical or mental impairment that substantially limited her ability to perform major life activities. In support of this argument, appellee noted that appellant's physical exam form stated that she had no limitations attributable to her multiple sclerosis.

{¶11} In responding to the summary judgment motion, appellant did not address whether she had an actual physical or mental impairment. Instead, she only asserted that she is disabled because she has multiple sclerosis. Moreover, she did not submit evidentiary materials indicating that any of her physical capabilities were substantially impaired.

{¶12} After appellee filed a reply brief, the trial court issued its decision granting summary judgment for appellee on both pending claims, primarily holding that appellant's multiple sclerosis did not constitute a disability because there was no evidence that it had substantially limited her ability to perform one or more major life activities.

{¶13} On appeal, appellant asserts one assignment of error for review:

{¶14} "The trial court erred in granting summary judgment to [appellee]."

{¶15} In challenging the summary judgment ruling, appellant has not raised any argument relating to the merits of her claim for intentional infliction of emotional distress. Instead, her assignment focuses solely upon her disability discrimination claim. It is her position that summary judgment was not warranted because there were multiple factual disputes as to key issues pertaining to this claim. However, regarding the question of whether she has a disability, appellant contends that there was no factual dispute; i.e., she argues that she is disabled because: (1) she has multiple sclerosis; and (2) various symptoms of the disease affect her on a daily basis.

{¶16} Appellant's disability discrimination claim was brought under R.C. Chapter 4112, the Ohio Civil Rights Act. R.C. 4112.02 provides, in pertinent part:

{¶17} "It shall be an unlawful discrimination practice:

{¶18} "(A) For any employer, because of the * * * disability * * * of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

{¶19} "R.C. 4112.02 sets out Ohio's clear public policy in opposition to the wrongful discharge of an employee based upon an employer's discrimination against such employee's physical or mental disability." *House v. Kirtland Capital Partners*, 158 Ohio App.3d 68, 2004-Ohio-3688, ¶22 (11th Dist.). The Ohio statutory scheme relating to unlawful discrimination was modeled after the federal Americans with Disabilities Act; therefore, federal case law and regulations can be cited as authority in interpreting R.C. 4112.02. *Kredel v. Austinwoods*, 7th Dist. Mahoning No. 08 MA 19, 2008-Ohio-5140,

5

¶8.

{¶20} "To establish a prima facie case of disability discrimination, the person seeking relief must demonstrate (1) that he or she was disabled, (2) that an adverse employment action was taken by an employer, at least in part, because the individual was disabled, and (3) that the person, though disabled, can safely and substantially perform the essential function of the job in question. *Hazlett v. Martin Chevrolet, Inc.* (1986), 25 Ohio St.3d 279, 281, \* \* \*." *Hammercheck v. Coldwell Banker First Place Real Estate*, 11th Dist. Trumbull No. 2007-T-0024, 2007-Ohio-7127, ¶22. These three elements are essentially identical to the requirements for proving a federal prima facie claim for disability discrimination. *House*, 2004-Ohio-3688, at ¶23, quoting *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1178 (C.A.6, 1996).

{¶21} As noted above, in moving for summary judgment on appellant's disability discrimination claim, appellee focused upon the first element; i.e., is appellant disabled as a consequence of having multiple sclerosis? R.C. 4112.01(A)(13) defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities, including the function of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; \* \* \*. Based upon this statutory definition, a person will only be deemed "disabled" when she has a mental or physical impairment that substantially limits at least one major life activity. *Kredel*, 2008-Ohio-5140, at ¶12.

{¶22} Pursuant to R.C. 4112.01(A)(16)(a)(iii), the disease "multiple sclerosis" is considered a "physical or mental impairment" for purposes of the statutory definition of "disability." Nevertheless, the fact that a person has an "impairment" is not sufficient to

6

satisfy the entire statutory definition. In addition to being impaired, a person will only be considered "disabled" if the impairment substantially limits her ability to perform one or more major life activity.

**{¶23}** In *Fitzmaurice v. Great Lakes Computer Corp.*, 155 Ohio App.3d 724, 2004-Ohio-235 (8th Dist.), the plaintiff argued that, since multiple sclerosis was listed as a physical impairment under R.C. 4112.01(A)(16)(a)(iii), she was disabled for purposes of her disability discrimination claim. In rejecting this argument, the Eighth Appellate District noted:

**{¶24}** "'A physical impairment, standing alone, does not necessarily constitute a disability (* * *),' *Kirkendall v. United Parcel Service, Inc.* (W.D.N.Y.1997), 964 F.Supp. 106, 109. In fact, 'a physical impairment "may affect an individual's life without becoming disabling."' Id., citing *Hazeldine v. Beverage Media, Ltd.* (S.D.N.Y.1997), 954 F.Supp. 697. To be disabled under the statute, [the plaintiff] must demonstrate that her impairment 'substantially limits' one or more of her major life activities. R.C. 4112.01(A)(13); *Wiegerig v. Timkin* (2001), 144 Ohio App.3d 664, 671, * * *." *Id.* at ¶12.

**{¶25}** In moving for summary judgment on the "disability" issue, appellee relied primarily upon appellant's deposition testimony. During the deposition, appellant acknowledged that her physical exam form, as completed by her physician, stated that she did not have any "limitations" due to her multiple sclerosis. Moreover, she admitted that multiple sclerosis has no substantial affect upon her ability to walk, see, or drive a motor vehicle.

**{¶26}** In responding to appellee's motion, appellant did not address whether her multiple sclerosis substantially limits one or more major activities. Similarly, she failed

7

to present any conflicting evidence on the point. Instead, appellant only argued that, because she has multiple sclerosis, she is disabled.

{¶27} Given the statement on appellant's own physical exam form that she had no limitations stemming from her multiple sclerosis, the trial court justifiably concluded that appellee presented some evidence showing that the disease had not substantially affected her ability to perform any of life's major activities. Under such circumstances, appellant was obligated to submit conflicting evidentiary materials on the point. When she failed to do so, the lack of a factual dispute meant that appellee could not satisfy the statutory definition for a "disability" under R.C. 4112.02(A)(13); i.e., since appellant can still perform all major activities despite having multiple sclerosis, she is not disabled. In turn, because appellant cannot fulfill the first element for a prima facie claim of disability discrimination, appellee was entitled to prevail on that claim.

{¶28} In contending that summary judgment was not warranted, appellant places significant emphasis upon the point that there was a factual dispute as to whether she was actually hired and worked one day as a hospital crisis counselor. However, given that a finding of unlawful discrimination under R.C. 4112.02(A) can be predicated upon an improper refusal to hire or an improper termination of employment, the resolution of this issue is not dispositive and need not be decided. Second, in light of the resolution of the "disability" issue, all other genuine issues of fact are immaterial.

{¶29} As a separate basis for its judgment, the trial court concluded that, even if appellant could qualify as a "disabled" person, there was no evidence establishing that appellee's decision to not hire or terminate her was based upon the fact that she has multiple sclerosis. The record also supports this aspect of the trial court's ruling. In its

8

summary judgment motion, appellee presented some evidentiary materials tending to show that appellant was not offered an employment contract because she failed to submit all required documents to complete her application/employee file. In responding to the motion, appellant only asserted that the question of why she was not hired must be given to a jury for determination; she did not cite any evidentiary materials, either attached to her response or otherwise in the record, tending to prove that appellee chose not to hire her on account of her multiple sclerosis.

**{¶30}** Pursuant to Civ.R. 56(C), the granting of summary judgment is appropriate when: "(1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor." *House* 2004-Ohio-3688, at ¶16. Given the absence of any evidentiary materials indicating that appellant is disabled as a consequence of having multiple sclerosis, summary judgment was proper.

**{¶31}** Appellant's sole assignment of error lacks merit. It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.

9